ORIGINAL ●                           ●

| | |
|---|---|
| 1 | GEORGE McGILL      (SB #031973) |
| | 1328 Sun Valley Road |
| 2 | Solana Beach, CA  92075-1647 |

FILED

09 OCT 20 PM 3: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3 | Telephone:  (858) 481-8446
Facsimile:  (858) 481-1246

4

Attorney for Plaintiff

BY: _____      DEPUTY

5

6

7

8                    UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

'09 CV 2 3 3 0 WQH      POR

11 | RINCON MUSHROOM CORPORATION )    CIVIL NO.
   | OF AMERICA, a California    )
12 | corporation,               )
   |                            )
   |                            )  COMPLAINT FOR DECLARATORY RELIEF;
13 |                            )  INJUNCTIVE RELIEF; INTENTIONAL IN-
   |                            )  TERFERENCE WITH CONTRACT; INTEN-
14 |              Plaintiff,    )  TIONAL INTERFERENCE WITH ADVANTAGEOUS
   |                            )  ECONOMIC RELATIONSHIP; CONSPIRACY TO
15 |                            )  INTENTIONALLY INTERFERE WITH CONTRACT;
   |                            )  CONSPIRACY TO INTENTIONALLY INTERFERE
16 |                            )  WITH ADVANTAGEOUS ECONOMIC RELATIONSHIP;
   |                            )  FEDERAL CIVIL RIGHTS CONSPIRACY DAMAGES
17 |                            )  PURSUANT TO 42 U.S.C. § 1985(3); CIVIL
   |                            )  RICO; CIVIL RICO CONSPIRACY; NEGLIGENT
18 | BO MAZZETTI; JOHN CURRIER; )  INTERFERENCE WITH CONTRACT; NEGLIGENT
   | VERNON WRIGHT; GILBERT     )  INTERFERENCE WITH ADVANTAGEOUS ECONOMIC
19 | PARADA; STEPHANIE          )  RELATIONSHIP; FEDERAL CIVIL RIGHTS
   | SPENCER; CHARLIE KOLB;     )  DAMAGES PURSUANT TO 42 U.S.C. § 1983
20 | DICK WATENPAUGH; DOE CO.;  )
   | DOE I and DOE II,          )
21 |                            )       (DEMAND FOR JURY TRIAL)
   |                            )
22 |                            )
   |                            )
23 |              Defendants.   )
   |                            )
24 |                            )
   |                            )
25 | _____ )

26

27      Plaintiff Rincon Mushroom Corporation of America, a California

28 corporation ("plaintiff"), alleges as follows:

---

## JURISDICTION

1.  This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The action arises under federal common law as well as the Supremacy Clause and other provisions of the United States Constitution.  Jurisdiction is also conferred on this Court by 28 U.S.C. § 1343(3) and (4) providing a jurisdictional predicate in suits authorized by 42 U.S.C. §§ 1983 and 1985; and by 28 U.S.C. §§ 2201(a), 2202, and F.R.C.P. 57, providing for this Court's jurisdiction in cases seeking a declaratory judgment.

## VENUE

2.  Venue is proper in this District in that plaintiff is a citizen of the United States having a principal office in this State and District and all defendants reside in this State and District.  Further, all of the events and overt acts giving rise to the claims hereinafter asserted occurred in this District.

## PARTIES

3.  Plaintiff was at all relevant times and now is a California corporation, authorized to transact and transacting business in the County of San Diego, in which the duties and obligations of defendants were created and are to be performed.  Plaintiff is entitled to assert and enjoy all the rights, privileges and immunities of a United States citizen under applicable federal and California constitutional, statutory and decisional law.

4.  Defendants BO MAZZETTI ("Mazzetti"), JOHN CURRIER ("Currier"), VERNON WRIGHT ("Wright"), GILBERT PARADA ("Parada"), STEPHANIE SPENCER ("Spencer"), CHARLIE KOLB ("Kolb"), and DICK WATENPAUGH ("Watenpaugh") were at all relevant times, and now are, individual persons residing in the County of San Diego, California.  These defendants are named herein

CASE NO.

both in their individual, personal capacities, as well as in their official capacities as members or representatives of the Rincon Band of Luiseño Indians ("Rincon Tribe"); they will be referred to hereinafter -- both in their official capacities and in their personal capacities -- collectively as the "Tribal defendants".

5.   The true names and exact capacities, whether individual, corporate, associate or otherwise of defendants DOE CO., DOE I and DOE II are unknown to plaintiff and they are accordingly sued herein by such fictitious names; plaintiff will seek leave to amend this complaint to insert the true names of said defendants when the same have been ascertained.

6.   Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants, including DOE CO., DOE I and DOE II, was the agent of each of the remaining defendants, and each was at all times hereinafter mentioned acting expressly within the purpose, course and scope of such agency relationship.

## GENERAL ALLEGATIONS

7.   At all times since its formation and organization as a California corporation, plaintiff has had no Indian or Rincon Tribal member officers, directors or shareholders.  Plaintiff's successor-in-interest, Marvin Donius ("Donius"), similarly is neither an Indian nor a Rincon Tribal member.

8.   Plaintiff is informed and believes, and based upon such information and belief alleges that for many years the Rincon Tribe has claimed to be, or is, a "sovereign nation" recognized as such by the United States Congress and under other applicable federal legislative and adjudicative law.

9.   In 1982, plaintiff purchased and became the fee owner of that certain five-acre parcel of real property located at and commonly known as 33777 Valley Center Road, Valley Center, San Diego County, CA.  While this property is located within the exterior boundary of the Rincon Tribal Reservation, the property has been allotted and conveyed out of Tribal ownership, by a Bureau of Indian Affairs fee simple patent on or about September 26, 1960, more than two decades prior to plaintiff's 1982 purchase thereof.  Since such 1960 allotment, the property continuously has been, and now remains, "non-Indian fee land" (defined by the relevant statutory and case authority as "fee simple property owned by a non-Indian").

10.   The property is located in an "open" part of the Rincon Reservation, across a major San Diego County highway (and separated by the highway) from the Rincon Tribe's public casino, known as Harrah's Rincon Casino & Resort, 777 Harrah's Rincon Way, Valley Center, CA.

11.   In or about late August 1999, plaintiff sold subject property to Donius, receiving as partial consideration therefor a promissory note in a substantial amount, together with a "carry-back" deed of trust. Donius thereafter timely made payments to plaintiff, as required by such debt and security instruments, and otherwise performed all obligations required to be performed by him for the benefit of plaintiff with respect to subject property.

12.   At all relevant times since 1982 the property has been privately owned and controlled by plaintiff and/or by plaintiff's successor-in-interest, Donius, as the "non-Indian fee land" identified in Paragraph 8 above, despite the placement of the property within the exterior boundary of the Rincon Tribal Reservation.

13.   Also continually at all times from and after 1982, subject

property has been controlled, maintained and operated by plaintiff and by Donius as a non-tribal mixed use commercial facility.  Commencing in 1989, Donius has operated and conducted from the property commercial mushroom growing, produce management and transportation, and citrus fruit packaging businesses under the name "Mushroom Express"; Donius has also leased parts of the property to various commercial and residential tenants and sub-tenants.

14.  Commencing on a date not presently known to plaintiff, but at least four or more years ago, and continuing to the present date, the Rincon Tribe, its Tribal Chairman, its Tribal Council, its Tribal Business Committee, and from time to time the Tribal defendants, as well as other of the Rincon Tribe administrators and representatives including DOE I and DOE II, have devised, and have attempted to implement and effectuate, a plan, scheme and artifice to acquire as economically as possible -- i.e., "on the cheap" -- subject five-acre parcel, more particularly described in Paragraphs 8 and 9 hereinabove.

15.  The above-named defendants' plan, scheme and artifice has included various efforts by these defendants to diminish and depreciate the value of subject property, by means including but not limited to the destruction of the "Mushroom Express" and other businesses conducted by Donius from the property, with the purpose of depriving both Donius and plaintiff of income therefrom, thereby to enable the acquisition of the property from Donius by these defendants for the benefit of the Rincon Tribe at a "low ball" price.  Plaintiff is informed and believes, and thereon alleges, that the desire of these defendants and the Rincon Tribe to obtain this five-acre parcel cheaply was motivated by, and was for the purpose of, enabling greater access to Harrah's Rincon Casino & Resort, thereby enhancing its future expansion and increasing the value

1  thereof; this Casino & Resort is, as above alleged, located across a
2  major County highway but closely adjacent to subject property.

3      16.  In October 2007, a Southern California wildfire (the "Poomocha
4  Fire") swept over the property and the Rincon Tribal reservation, caus-
5  ing the destruction of much of the "Mushroom Express" and related busi-
6  ness facilities, including the wiring, connections, and equipment nec-
7  essary for the continued provision of electrical power and service to
8  the property by San Diego Gas & Electric Company, a Sempra Energy
9  utility ("SDG&E").

10     17.  By December 2007, SDG&E appeared to have agreed to restore
11  electrical power and service to subject property.  However, commencing
12  in early 2008 and continuing to the time of filing of this complaint,
13  and despite numerous and repeated requests and demands by both plaintiff
14  and Donius, SDG&E has refused to "re-energize" the property -- i.e., has
15  refused to reconnect such interrupted power and service on the property.

16

### FIRST COUNT

17

18  (Declaratory Relief Against Tribal Defendants Mazzetti, Currier,
    Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

19     18.  Plaintiff hereby incorporates by this reference Paragraphs 1,
20  2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-
21  dictional, party descriptive and general allegations pled hereinabove,
22  as though fully set forth hereat.

23     19.  On or about March 15, 1960, the Rincon Tribe caused to be en-
24  acted and approved by the Commissioner of Indian Affairs, United States
25  Department of the Interior, certain Articles of Association; these Arti-
26  cles provide in pertinent part as follows:

27      "Section 1.  The Rincon, San Luiseno Band of Mission In-
        dians, hereinafter referred to as the Band, shall be governed
28      by the Rincon Tribal Business Committee, hereinafter referred
        to as the Business Committee which, subject to the provisions

---

CASE NO.

1   herein <u>shall have jurisdiction over the lands within the</u>
2   <u>boundaries of the Rincon Reservation</u> and over any lands which
    may hereafter be added thereto."   [Emphasis Added.]

3       20.   In or about April 2007, on an exact date presently unknown to
4   plaintiff, the Rincon Tribe enacted a "Tribal Environmental Policy Or-
5   dinance" that, *inter alia*, purportedly placed "under the governmental
6   jurisdiction of the Tribe" the subject parcel, on the asserted basis
7   that the Tribe's regulatory authority extended to and included "[a]ll
8   land within the exterior boundaries of the Rincon Reservation. . . ."

9       21.   In or about April 2007, on an exact date presently unknown to
10  plaintiff, the Rincon Tribe enacted an "Environmental Enforcement Code"
11  that as revised on or about July 10, 2007 purported to extend tribal
12  environmental regulatory authority over and as to subject property, on
13  the basis of the Tribe's claim of such authority "over all lands within
14  the exterior boundaries of the Rincon Indian Reservation".

15      22.   On or about September 30, 2008, these defendants caused the
16  Rincon Tribe to enact a "Tribal Court Jurisdiction Ordinance" that pur-
17  ported to claim regulatory as well as *in personam* and subject matter
18  adjudicative jurisdiction over non-tribal member plaintiff, non-tribal
19  member Donius, and as to subject non-tribal fee property, in that the
20  ordinance assertedly has application "equally to all persons, members
21  [of the Rincon Tribe] and non-members alike", and also purports to ex-
22  tend "[the Tribe's] Territorial Jurisdiction" over "any fee lands" with-
23  in the external boundaries of the Rincon Reservation, including but not
24  limited to subject property.

25      23.   An actual controversy has arisen and now exists between and
26  among plaintiff and the Tribal defendants, DOE I and DOE II, both in
27  their official capacities as well as in their personal capacities,
28  concerning these defendants' duties and obligations as well as plain-

---

CASE NO.

tiff's rights with respect thereto, more particularly as follows:

a.  Plaintiff contends that any prospective or future actual or attempted enforcement by these defendants of (1) the Rincon Tribal Articles of Association referred to in Paragraph 18 above, (2) the Rincon "Tribal Environmental Policy Ordinance" referred to in Paragraph 19 above, (3) the Rincon "Environmental Enforcement Code" referred to in Paragraph 20 above, and/or (4) the Rincon "Tribal Court Jurisdictional Ordinance" referred to in Paragraph 21 above should be found, declared and adjudged by this Court to be facially unconstitutional, unconstitutional as applied, and/or illegal, and/or entirely unenforceable, pursuant to applicable provisions of federal and California law, both with respect to plaintiff as well as concerning subject property.  Such provisions requiring this judicial declaration include, but are not limited to, the Supremacy Clause of the United States Constitution (Article VI, clause 2), the Taking, Due Process, and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the Constitution, cognate provisions of the California Constitution, federal civil rights protections afforded by 42 U.S.C. §§ 1983 and 1985(3) and the Indian Civil Rights Act (25 U.S.C. § 1302).

b.  Plaintiff further contends that any prospective or future actual or attempted enforcement of any nature by these defendants of any purported Rincon Tribe regulatory or adjudicative authority over or as to plaintiff and/or over or as to subject property -- whether claimed to be based upon the foregoing tribal Articles and ordinances, or otherwise -- should be found, declared and adjudged by this Court to be

1  facially unconstitutional, and/or unconstitutional as applied,

2  and/or illegal, and/or entirely unenforceable under applicable

3  provisions of federal and California law, both with respect to

4  plaintiff as well as concerning subject property.  Such provi-

5  sions requiring this judicial declaration include, but are not

6  limited to, the Supremacy Clause of the United States Consti-

7  tution (Article VI, clause 2), the Taking, Due Process, and

8  Equal Protection Clauses of the Fifth and Fourteenth Amend-

9  ments to the Constitution, cognate provisions of the Califor-

10  nia Constitution, federal civil rights protections afforded by

11  42 U.S.C. §§ 1983 and 1985, and the Indian Civil Rights Act

12  (25 U.S.C. § 1302).

13  c.  Plaintiff further contends that any prospective or

14  future actual or attempted enforcement of any nature by these

15  defendants of any purported Rincon Tribe regulatory or adju-

16  dicative authority, over or as to plaintiff and/or over or as

17  to subject property, would so clearly exceed and go beyond any

18  authority so to regulate or adjudicate that has in the past

19  been, or could in the future constitutionally or legally be

20  conferred or bestowed by the Rincon Tribe upon these defend-

21  ants, as to make any such actual or attempted prospective or

22  future regulation or adjudication completely *ultra vires* as to

23  the Tribe.

24  d.  Additionally and finally, plaintiff contends that

25  this Court should find, declare and adjudge that neither the

26  Rincon Tribe nor the above-named Tribal defendants presently

27  have, nor in the future could as a matter of law have, any

28  regulatory or adjudicative authority of any nature whatever

1    over or as to plaintiff and/or over or as to subject prop-

2    erty; plaintiff contends this Court should so find, declare

3    and adjudge pursuant to substantial apposite decisional au-

4    thority, including without limitation numerous United States

5    Supreme Court, Ninth Circuit Court of Appeals, California

6    Supreme Court and California Court of Appeal published deci-

7    sions, denying to the Tribe and/or to the above-named Tribal

8    defendants any such regulatory or adjudicative authority, in

9    their official and/or personal capacities or otherwise.

10        e.   The above-identified Tribal defendants dispute and

11   deny each of plaintiff's foregoing contentions.

12   24.   Plaintiff has no adequate remedy at law.

### SECOND COUNT

15   (Injunctive Relief Against Tribal Defendants Mazzetti, Currier,
16   Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

17   25.   Plaintiff hereby incorporates by this reference Paragraphs 1,

18   2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-

19   dictional, party descriptive and general allegations pled hereinabove,

20   as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 of its First Count

21   hereinabove, as though fully set forth hereat.

22   26.   As above alleged, plaintiff contends that any prospective or

23   future actual or attempted enforcement of any nature by the Tribal

24   defendants, DOE I and/or DOE II of any purported Rincon Tribe regulatory

25   or adjudicative authority over or as to plaintiff and/or over or as to

26   subject property -- whether claimed to be based upon the tribal Articles

27   and ordinances more particularly described in Paragraphs 19, 20, 21 and

28   22 hereinabove, or otherwise -- should be found, declared and adjudged

1  by this Court to be facially unconstitutional, and/or unconstitutional

2  as applied, and/or illegal, and/or entirely unenforceable under appli-

3  cable provisions of federal and California law, both with respect to

4  plaintiff as well as concerning subject property.  Such provisions re-

5  quiring this judicial declaration include, but are not limited to, the

6  Supremacy Clause of the United States Constitution (Article VI, clause

7  2), the Taking, Due Process, and Equal Protection Clauses of the Fifth

8  and Fourteenth Amendments to the Constitution, cognate provisions of the

9  California Constitution, federal civil rights protections afforded by 42

10  U.S.C. §§ 1983 and 1985(3), and the Indian Civil Rights Act (25 U.S.C.

11  § 1302).

12      27.  Plaintiff further contends that any prospective or future ac-

13  tual or attempted enforcement of any nature by these defendants of any

14  purported Rincon Tribe regulatory or adjudicative authority, over or as

15  to plaintiff and/or over as to subject property, would so clearly exceed

16  and go beyond any authority so to regulate or adjudicate that has in the

17  past been, or could in the future constitutionally or legally be con-

18  ferred or bestowed by the Rincon Tribe upon these defendants, as to make

19  any such actual or attempted prospective or future regulation or adjudi-

20  cation completely *ultra vires* as to the Tribe.

21      28.  Plaintiff additionally contends that this Court should find,

22  declare and adjudge that none of the above-named Tribal defendants, DOE

23  I and/or DOE II presently has, nor will any of these defendants in the

24  future have, as a matter of law, any regulatory or adjudicative authori-

25  ty of any nature whatever over or as to plaintiff and/or over or as to

26  subject property; plaintiff contends this Court should so find, declare

27  and adjudge pursuant to substantial apposite decisional authority, in-

28  cluding without limitation numerous United States Supreme Court, Ninth

1  Circuit Court of Appeals, California Supreme Court and California Court

2  of Appeal published decisions, denying to the Tribe and/or to the above-

3  named Tribal defendants any such regulatory or adjudicative authority,

4  in their official and/or personal capacities or otherwise.

5     29.  Unless this Court issues a mandatory injunction requiring and

6  ordering that the above-named Tribal defendants desist and refrain from

7  any further actual or attempted enforcement, prospectively and in the

8  future, of any and all purported Rincon Tribe regulatory or adjudica-

9  tive authority over or as to plaintiff and/or over or as to subject

10 property, either in their official or personal capacities, plaintiff

11 will sustain irreparable injury not compensable in money damages or by

12 monetary relief of any nature.

13    30.  Plaintiff has no adequate remedy at law.

14

15                          **THIRD COUNT**

16          (Intentional Interference With Contract Against
          Tribal Defendants Mazzetti, Currier, Wright, Parada,
17              Spencer, Kolb, Watenpaugh, DOE I and DOE II)

18    31.  Plaintiff hereby incorporates by this reference Paragraphs 1,

19 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-

20 dictional, party descriptive and general allegations pled hereinabove,

21 as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 of its First Count

22 and Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count herein-

23 above, as though fully set forth hereat.

24    32.  Commencing on a date not presently known to plaintiff, but at

25 least four or more years ago, and continuing to the present date, the

26 Rincon Tribe, its Tribal Chairman, its Tribal Council, its Tribal Busi-

27 ness Committee, and from time to time the Tribal defendants, as well as

28 other of the Rincon Tribe administrators and representatives including

CASE NO.

1 DOE I and DOE II, have devised, and have attempted to implement and
2 effectuate, a plan, scheme and artifice to acquire as economically as
3 possible -- i.e., "on the cheap" -- subject five-acre parcel, more par-
4 ticularly described in Paragraphs 9 and 10 hereinabove.

5     33.  The above-named defendants' plan, scheme and artifice has in-
6 cluded various efforts by these defendants to diminish and depreciate
7 the value of subject property, by means including but not limited to the
8 destruction of the "Mushroom Express" and other businesses conducted by
9 Donius from the property, with the purpose of depriving both Donius and
10 plaintiff of income therefrom, thereby to enable the acquisition of the
11 property from Donius by these defendants for the benefit of the Rincon
12 Tribe at a "low ball" price.  Plaintiff is informed and believes, and
13 thereon alleges, that the desire of these defendants and the Rincon
14 Tribe to obtain this five-acre parcel cheaply was motivated by, and was
15 for the purpose of, enabling greater access to Harrah's Rincon Casino &
16 Resort, thereby enhancing the future expansion thereof and the value of
17 other improvements at this Casino & Resort, located as above alleged
18 across a major County highway from subject property.

19     34.  By means of the acts and conduct on the part of the Tribal
20 defendants, DOE I and DOE II, hereinabove alleged, these defendants have
21 intentionally interfered with plaintiff's long-standing contractual
22 relationship with Donius -- a relationship well known to all of these
23 defendants -- thereby causing (1) an inability by Donius to conduct
24 mushroom growing and all other commercial and residential rental
25 operations from the property and (2) a consequent failure by Donius to
26 perform the payment obligations required of him for plaintiff's benefit
27 under the debt and "carry-back" security obligations more particularly
28 alleged in Paragraph 11 hereinabove.

35.   By reason of the intentional interference with contract by Tribal defendants, DOE I and DOE II, immediately hereinabove alleged, plaintiff has been deprived of benefits plaintiff otherwise would have realized and received pursuant to its contractual relationship with Donius, and has directly and proximately thereby sustained compensatory damages in an amount not presently ascertainable.  Plaintiff will seek leave to amend this complaint to set forth the exact amount of such compensatory damages when ascertainable, or to conform to proof at trial.

36.   The acts and conduct of the Tribal defendants, DOE I and DOE, more particularly described in Paragraphs 33 and 34 hereinabove, and the resultant intentional interference with plaintiff's long-established contractual relationship with Donius, were sufficiently malicious and oppressive as to entitle plaintiff to recover exemplary or punitive damages from the Tribal defendants, DOE I and DOE II, and each of them.

**FOURTH COUNT**

(Intentional Interference With Advantageous
Economic Relationship Against Defendants Mazzetti,
Currier, Wright, Parada, Spencer, Kolb, and Watenpaugh)

37.   Plaintiff hereby incorporates by this reference Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-dictional, party descriptive and general allegations pled hereinabove, as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count, Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, and Paragraphs 31, 32, 33, 34, 35 and 36 of its Third Count hereinabove, as though fully set forth hereat.

38.   The property constituting the subject of this action, more particularly described in Paragraphs 9 and 10 hereinabove, is believed

---

CASE NO.

1  by plaintiff to have a present fair market value exceeding or approx-

2  imating Two Million Dollars ($2,000,000). This property is, however,

3  unsalable by plaintiff (in the event plaintiff is required to foreclose

4  under the debt and security instruments above described); further, the

5  "carry-back" deed of trust and underlying promissory note obligations

6  from Donius to plaintiff are equally unsalable by plaintiff. This

7  unsalability results from the obvious unwillingness of any prospective

8  purchaser to buy either the property or the referenced instruments

9  because of (1) the assertion of regulatory authority over the property

10  by the Tribal defendants, DOE I and DOE II, hereinabove alleged, as well

11  as also because of (2) no assured availability of electrical power and

12  service to the property, alleged in Paragraph 17 hereinabove, a condi-

13  tion itself flowing from the wrongful assertion of regulatory authority

14  over the property by the Tribal defendants, DOE I and DOE II, as also

15  hereinabove alleged.

16      39. Plaintiff's opportunities to market and/or sell either or both

17  subject property and/or the underlying debt and security instruments

18  above described constitute prospective advantageous economic relation-

19  ships with which the Tribal defendants, DOE I and DOE II have, as here-

20  inabove alleged, intentionally interfered without justification of any

21  nature.

22      40. By reason of such intentional interference by the Tribal de-

23  fendants, DOE I and DOE II with plaintiff's prospective advantageous

24  economic relationships, as immediately hereinabove alleged, and as a

25  direct and proximate result thereof, plaintiff has sustained compensa-

26  tory damages in an amount not presently ascertainable. Plaintiff will

27  seek leave to amend this complaint to set forth the exact amount of such

28  compensatory damages when ascertainable, or to conform to proof at trial.

CASE NO.

41.   The acts and conduct of the Tribal defendants, DOE I and DOE, more particularly described in Paragraphs 32 and 33 hereinabove, and the resultant intentional interference with plaintiff's prospective advantageous economic relationships, were sufficiently malicious and oppressive as to entitle plaintiff to the recovery of exemplary or punitive damages from the Tribal defendants, DOE I and DOE II, and each of them.

## FIFTH COUNT

(Conspiracy To Intentionally Interfere With Contract
Against Defendants Mazzetti, Currier, Wright, Parada,
Spencer, Kolb, Watenpaugh, DOE I and DOE II)

42.   Plaintiff hereby incorporates by this reference Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the jurisdictional, party descriptive and general allegations pled hereinabove, as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count, Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31, 32, 33, 34, 35 and 36 of its Third Count, and Paragraphs 37, 38, 39, 40 and 41 of its Fourth Count hereinabove, as though fully set forth hereat.

43.   This Count is asserted against Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II, and each of them, both in their individual, personal capacities, as well as in their official capacities as members or representatives of the Rincon Tribe.

44.   As hereinabove alleged, the above-named Tribal defendants, DOE I and DOE II, both as Rincon Tribal Council members and authorized representatives, as well as individuals acting beyond and outside the scope of any validly conferred or bestowed authority, have devised and attempted to implement and effectuate a plan, scheme and artifice to

acquire as economically as possible -- i.e, "on the cheap" -- the five-acre parcel now owned by Donius and formerly owned by plaintiff, more particularly described in Paragraphs 8 and 9 hereinabove.

45.   Each and all of the above-named defendants have agreed and conspired among themselves, both in their individual and in their official capacities, to attempt to effectuate such plan, scheme and artifice -- the motive, intent and purpose thereof being to acquire subject property cheaply and without the payment of fair compensation therefor -- despite the fact each and all of these defendants knew or should have known of the provision of the Indian Civil Rights Act of 1968 prohibiting such conduct:

> "No Indian tribe in exercising powers of self-government shall --
> "  .  .  .  .
> "(5) take any private property for a public use without just compensation;
> "  .  .  .  ." (25 U.S.C. § 1302)

46.   The above-named Tribal defendants, DOE I and DOE II agreed to enter into the aforedescribed conspiracy to effectuate their plan, scheme and artifice to acquire subject property "on the cheap", on an exact date presently unknown to plaintiff pending discovery herein, but implementation thereof was commenced not later than late December 2005-early January 2006 when these defendants embarked upon successful efforts to "chill" and ultimately kill a proposed purchase of subject property by FF Realty, LLC -- a purchase which would have been consummated but for defendants' action, and which if not interfered with by these defendants would have resulted in the receipt by both plaintiff and Donius of very substantial purchase consideration.

47.   During a period of time following these early overt acts in furtherance of the agreement and conspiracy by the above-named Tribal

1 | defendants, DOE I and DOE II to diminish and destroy the value of sub-
2 | ject real property, and to interfere with plaintiff's pre-existing con-
3 | tractual relationship with Donius, as above alleged, these defendants
4 | attempted to and did carry out various other overt acts in furtherance
5 | of their conspiracy and agreement, throughout the time period early 2006
6 | until May-July 2008 when these defendants -- committing yet another
7 | overt act in furtherance of their agreement and conspiracy above alleged
8 | -- successfully persuaded SDG&E to permanently refuse to re-energize or
9 | provide any electrical power to the property and/or to the various
10 | commercial and residential users thereon.

11 |     48. Many if not most of the overt acts planned, attempted to be,
12 | and in fact carried out by the above-named Tribal defendants, DOE I and
13 | DOE II in pursuance of the described conspiracy, were so planned and
14 | carried out beyond and outside the scope of any validly conferred or
15 | bestowed authority given to these defendants, as Rincon Band Tribal
16 | Council members or otherwise, and were *ultra vires* as to the Rincon
17 | Tribe. These defendants specifically intended the commission of each of
18 | the overt acts alleged, and/or at a minimum gave their express or tacit
19 | assent and acquiescence to the commission of each of such acts.

20 |     49. The overt acts planned, attempted to be, and in fact carried
21 | out by Tribal defendants, DOE I and DOE II in pursuance of their agree-
22 | ment and conspiracy above alleged included, but were not limited to,
23 | each of the following:

24 |     a. During the time period late 2005-early 2006 the above-named
25 | defendants by various means including but not limited to an intention-
26 | ally deceitful letter from defendants Currier, Wright, Parada, Spencer
27 | and Kolb to FF Realty, LLC dated January 26, 2006, interfered with,
28 | "chilled" and ultimately killed a substantial sale of the property

---

CASE NO.

1  involved, thereby depriving plaintiff of any sale proceeds therefrom,

2  as hereinabove alleged;

3      b.  In or about December 2007, these defendants, in an effort to

4  persuade SDG&E not to re-energize the property involved, falsely rep-

5  resented that there was no "easement for electrical service" on the

6  property, such easement being required to allow re-energization;

7      c.  On or about December 29, 2007, these defendants attempted to

8  prevent a "clean-up" of those portions of the five-acre parcel destroyed

9  by the "Poomocha Fire" more particularly described in Paragraph 16 here-

10  inabove by ordering employees and representatives of and a contractor

11  for the County of San Diego to cease work and leave the property,

12  thereby preventing an earlier such "clean-up" and amelioration of the

13  damage done to these premises by this October 2007 wild-fire;

14      d.  By letter dated January 14, 2008, these defendants falsely

15  represented to the California Highway Patrol "[l]and use [on the five-

16  acre parcel above described] is under the jurisdiction of the Rincon

17  Band", and that such purported jurisdiction was "exclusive".  In this

18  letter, these defendants, referable to the businesses then attempted to

19  be maintained on the five-acre parcel by Donius, falsely represented

20  that these businesses constituted a "facility . . . operating as an

21  unauthorized business and may violate federal and tribal law.";

22      e.  By the same letter dated January 14, 2008, these defendants

23  made the same factual misrepresentations to a firm known as "Automotive

24  Specialists";

25      f.  By the same letter dated January 14, 2008, these defendants

26  made the same factual misrepresentations to the AAA Auto Club of

27  Southern California;

28      g.  During the time period approximately December 2007 through

1  August 2008, these defendants made various and numerous misrepresenta-

2  tions to the United States Environmental Protection Agency concerning

3  alleged site conditions on the property involved, including but not

4  limited to misrepresentations made by these defendants in person at the

5  San Francisco regional headquarters of the EPA;

6       h.  By letter dated April 1, 2008, defendants Mazzetti, Spencer,

7  Parada and Kolb falsely represented that the Rincon Tribe enjoyed "regu-

8  latory authority over all lands within the exterior boundaries of the

9  Federal Indian Reservation", including such regulatory authority as to

10  "electrical connections and/or reconnections".  This letter further

11  falsely represented "[a]s a sovereign nation, we retain the regulatory

12  right to review and approve electrical connections along with develop-

13  ment plans (like the County or any municipality)".  This letter also

14  falsely represented that plaintiff's successor, Donius, was conducting

15  "unauthorized businesses" on the five-acre parcel involved;

16       i.  By letter dated May 23, 2008, defendant Watenpaugh falsely rep-

17  resented that plaintiff's successor, Donius, was required to, but had

18  failed to, comply with "the Rincon Band's laws and regulations related

19  to construction and development on lands within the Rincon Reservation";

20       j.  By letter dated July 30, 2008, defendant Mazzetti falsely rep-

21  resented that the Rincon Tribe constituted "the government agency au-

22  thorized to enforce laws, ordinances, or regulations involving the use

23  of electricity" on subject five-acre parcel.  Additionally and sepa-

24  rably, this letter falsely represented "use of electricity at [this

25  parcel] is unsafe", and that such use of electricity was required to but

26  failed to comply with "the Rincon Band's laws and regulations related to

27  construction on lands within the Rincon Reservation"; and

28       k.  During the time period July 30-August 8, 2008, the above-named

CASE NO.

1  defendants falsely represented to SDG&E that reinstating electrical

2  service and power to the five-acre parcel above-described would present

3  an immediate hazard to life and property.

4       50.  By reason of such conspiracy to intentionally interfere with

5  contract by Tribal defendants, DOE I and DOE II, above alleged, plain-

6  tiff has been deprived of benefits plaintiff otherwise would have

7  realized and received pursuant to its contractual relationship with

8  Donius, and has directly and proximately thereby sustained compensatory

9  damages in an amount not presently ascertainable.  Plaintiff will seek

10 leave to amend this complaint to set forth the exact amount of such

11 compensatory damages when ascertainable, or to conform to proof at

12 trial.

13      51.  The above-described wrongful conspiracy by Tribal defendants,

14 DOE I and DOE II, to implement and effectuate the plan, scheme and arti-

15 fice to diminish and destroy the value of subject real property, above

16 alleged, and the resultant intentional interference with plaintiff's

17 long-established contractual relationship with Donius, was sufficiently

18 malicious and oppressive as to entitle plaintiff to recover exemplary or

19 punitive damages from each of these defendants.

20

21                              **SIXTH COUNT**

22          (Conspiracy To Intentionally Interfere With Advantageous
           Economic Relationship Against Defendants Mazzetti, Currier,
23          Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

24      52.  Plaintiff hereby incorporates by this reference Paragraphs 1,

25 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-

26 dictional, party descriptive and general allegations pled hereinabove,

27 as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count,

28 Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31,

1  32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and

2  41 of its Fourth Count, and Paragraphs 42, 43, 44, 45, 46, 47, 48, 49,

3  50 and 51 of its Fifth Count hereinabove, as though fully set forth

4  hereat.

5      53.  This Count is asserted against Tribal defendants Mazzetti,

6  Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II,

7  and each of them, both in their individual, personal capacities as well

8  as in their official capacities as members or representatives of the

9  Rincon Tribe.

10      54.  The five-acre parcel above described, constituting the subject

11  of this action, which the above-named Tribal defendants, DOE I and DOE

12  II have wrongfully conspired to depreciate and devalue during at least

13  the time period commencing in late December 2005 and continuing through

14  September 2008, is believed by plaintiff to have a present fair market

15  value exceeding or approximating Two Million Dollars ($2,000,000).  This

16  property is, however, unsalable by plaintiff (in the event plaintiff is

17  required to foreclose under the debt and security instruments above de-

18  scribed), and the "carry-back" deed of trust and underlying promissory

19  note obligations from Donius to plaintiff are equally unsalable by

20  plaintiff, due in large part if not entirely to the commission of the

21  overt acts attempted to be or in fact carried out by these defendants in

22  the effectuation of their conspiracy, all as more particularly herein-

23  above alleged.

24      55.  Plaintiff's opportunities to market and/or sell either or both

25  subject property and/or the underlying debt and security instruments

26  above described constitute prospective advantageous economic relation-

27  ships with which the above-named Tribal defendants, DOE I and DOE II,

28  and each of them, have intentionally interfered by reason of their

CASE NO.

1  conspiracy, as also hereinabove alleged, to acquire the five-acre parcel
2  above described "on the cheap" and the individual overt acts more par-
3  ticularly above alleged.

4      56.  By reason of the intentional interference by the above-named
5  Tribal defendants, DOE I and DOE II with plaintiff's prospective advan-
6  tageous economic relationships, and as a direct and proximate result
7  thereof, plaintiff has sustained compensatory damages in an amount not
8  presently ascertainable.  Plaintiff will seek leave to amend this com-
9  plaint to set forth the exact amount of such compensatory damages when
10  ascertainable, or to conform to proof at trial.

11      57.  The above-described wrongful conspiracy by the above-named
12  Tribal defendants, DOE I and DOE II, and the resultant intentional
13  interference with plaintiff's prospective advantageous economic re-
14  lationships, were sufficiently malicious and oppressive as to entitle
15  plaintiff to recover exemplary or punitive damages from these defendants
16  and each of them.

17

18                          **SEVENTH COUNT**

19      (Conspiracy to Deprive Plaintiff of Equal Protection and
        Equal Privileges and Immunities Under 42 U.S.C. § 1985(3)
20            Against Defendants Mazzetti, Currier, Wright, Parada,
                  Spencer, Kolb, Watenpaugh, DOE I and DOE II)

21      58.  Plaintiff hereby incorporates by this reference Paragraphs 1,
22  2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-
23  dictional, party descriptive and general allegations pled hereinabove,
24  as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count,
25  Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31,
26  32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and
27  41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50
28  and 51 of its Fifth Count, and Paragraphs 52, 53, 54, 55, 56 and 57 of

CASE NO.

its Sixth Count hereinabove, as though fully set forth hereat.

59.   This Count is asserted against Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II, and each of them, both in their individual, personal capacities, as well as in their official capacities as members or representatives of the Rincon Tribe.

60.   In planning, entering into, carrying out and effectuating the above-described conspiracy to acquire the property more particularly described in Paragraphs 9 and 10 hereinabove cheaply, and without the payment of adequate consideration, the above-named Tribal defendants, DOE I and DOE II, and each of them, also have had an express purpose of depriving plaintiff, directly or indirectly, of the equal protection of both federal and California law, and have also entered into, attempted to carry out, and have in fact effectuated such conspiracy with a pur-pose and intent of depriving plaintiff of its privileges and immunities as established under federal and California law with respect to plain-tiff's property interest in subject five-acre parcel, and in violation of plaintiff's civil rights under 42 U.S.C. § 1985(3).

61.   Separably, these defendants have also entered into, attempted to carry out, and have in fact effectuated the above-described con-spiracy with a purpose and intent of depriving plaintiff of its privi-leges and immunities with respect to its property interest in subject five-acre parcel as established under federal and California law, also in violation of plaintiff's civil rights under 42 U.S.C. § 1985(3).

62.   The conspiracy hereinabove described has been attempted to be effectuated, and has in fact been effectuated, by all of the overt acts more particularly identified in Paragraph 49a-k hereinabove.

63.   The conspiracy hereinabove described has been motivated by a

CASE NO.

1 | racial, or otherwise class-based, invidiously discriminatory animus on
2 | the part of the above-named Tribal defendants, DOE I and DOE II, toward
3 | plaintiff and other members of a class comprised of white, Caucasian
4 | owners, lessees and other occupants of private non-Indian fee land
5 | located within the external boundary of the Rincon Tribal Reservation.

6 |     64.  Motivated by the racial or otherwise class-based invidiously
7 | discriminatory animus above alleged, the above-named Tribal defendants,
8 | DOE I and DOE II have, by the overt acts of conspiracy also above al-
9 | leged, attempted to deprive and have in fact deprived plaintiff and
10 | other members of the described class of both equal protection of the law
11 | and equal privileges and immunities with respect to subject property, as
12 | established by applicable provisions of the United States Constitution,
13 | the Fourteenth Amendment thereto, and other relevant federal law, to-
14 | gether with civil rights and private property protections afforded
15 | plaintiff and other class members under the California Constitution and
16 | apposite statutory and decisional California law.

17 |     65.  As a direct and proximate result of the hereinabove alleged
18 | violations of 42 U.S.C. § 1985(3) by the above-named Tribal defendants,
19 | DOE I and DOE II, plaintiff has suffered deprivation of its civil rights
20 | related to subject property, and flowing therefrom has sustained com-
21 | pensatory damages in an amount presently unascertained and unascertain-
22 | able.  Plaintiff will seek leave to amend this complaint to set forth
23 | the exact amount of such damages when ascertained, or to conform to proof
24 | at trial.

25 |     66.  Plaintiff is also entitled to recover its reasonable attorney
26 | fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

27 |

28 |

## EIGHTH COUNT

(Civil RICO Against Tribal Defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

67. Plaintiff hereby incorporates by this reference Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris- dictional, party descriptive and general allegations pled hereinabove, as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count, Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31, 32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and 41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of its Fifth Count, Paragraphs 52, 53, 54, 55, 56 and 57 of its Sixth Count, and Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 of its Seventh Count hereinabove, as though fully set forth hereat.

68. This Count is asserted against Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II, and each of them, both in their individual, personal capacities, as well as in their official capacities as members or representatives of the Rincon Tribe.

69. This Court has *in personam* and subject matter jurisdiction of this Count pursuant to the Racketeer Influenced and Corrupt Organiza- tions Act ("RICO"), 18 U.S.C. §§ 1961-1968.

70. Plaintiff seeks in this private civil RICO action to recover treble damages for racketeering injury sustained by reason of the sub- stantive violations of RICO more particularly hereinafter alleged, pursuant to 18 U.S.C. § 1964(c).

### A.  THE RACKETEERING ENTERPRISE

71. At all times hereinafter mentioned, Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II and

1 | the Rincon Tribe comprised an associated-in-fact enterprise under RICO.

2 | At all such times this enterprise had a common purpose among all par-

3 | ticipants thereof of attempting to implement and effectuate a plan,

4 | scheme and artifice to acquire as economically as possible -- i.e, "on

5 | the cheap" -- the five-acre parcel now owned by Donius and formerly

6 | owned by plaintiff, more particularly described in Paragraphs 8 and 9

7 | hereinabove.  This general commonality of purpose has continued unin-

8 | terruptedly throughout the period late December 2005 to the present

9 | date.  The enterprise has had, and continues to have, a continuity and

10 | separate existence beyond that necessary to commit the predicate acts of

11 | racketeering more particularly hereinafter alleged.  The enterprise also

12 | has had, and continues to have, an informal organization separate from

13 | the Rincon Tribe Tribal Council or any other formal structure, other than

14 | an associated-in-fact relationship among the above-named defendants

15 | sufficient to further the enterprise's common purpose of devaluing and

16 | depreciating the value of the five-acre parcel involved, as hereinabove

17 | alleged.  For all the foregoing reasons the above-named defendants and

18 | the Rincon Tribe have constituted an associated-in-fact racketeering

19 | enterprise within the meaning and intendment of 18 U.S.C. § 1961(4).

20 |

21 | **B.   DEFENDANTS' PARTICIPATION IN A
      PATTERN OF RACKETEERING ACTIVITY**

22 | 72.   At all relevant times, Tribal defendants Mazzetti, Currier,

23 | Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II conducted

24 | and participated, directly or indirectly, in the furtherance of the

25 | purposes of the above-described associated-in-fact enterprise through a

26 | pattern of racketeering activity, comprised primarily of the predicate

27 | acts more particularly identified hereinbelow, in violation of 18 U.S.C.

28 | § 1962(c).  This racketeering activity affected interstate commerce in

1  that the purpose of the enterprise -- the future acquisition of the

2  above-described five-acre parcel at a "low-ball" price for the benefit

3  of the Rincon Tribe -- was motivated by and was with the intent of en-

4  abling greater access to, and otherwise enhancing the future expansion

5  and other improvement of, Harrah's Rincon Casino & Resort which, as

6  above alleged, is located across a major County highway from and adja-

7  cent to subject five-acre parcel.  The Harrah's Rincon Casino & Resort

8  is a business which is operated in, or at the very least affects, inter-

9  state commerce for purposes of 18 U.S.C. § 1962(c).  For the foregoing

10  reasons, the above-named defendants, in engaging in the predicate acts

11  hereinbelow alleged, have engaged in the pattern of racketeering

12  activity required by 18 U.S.C. § 1961(5).

13

14  **C.  DEFENDANTS' PARTICIPATION IN PREDICATE
        ACTS OF RACKETEERING ACTIVITY**

15       73.  During the time period January 26, 2006 through July 30, 2008,

16  Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb,

17  Watenpaugh, DOE I and DOE II committed and participated in the commis-

18  sion of, and authorized, approved and acquiesced in a number of predi-

19  cate acts constituting, the pattern of racketeering activity proscribed

20  by 18 U.S.C. § 1962(c).  These predicate acts included but were not

21  limited to acts of mail fraud prohibited by 18 U.S.C. § 1341, and all of

22  such acts were so committed or participated in with a knowing intent to

23  deceive or defraud on the part of the above-named defendants, or at a

24  minimum, with a willful and reckless disregard for or indifference to

25  the truth with respect to each of the below descried acts of mail fraud.

26  Such predicate acts of mail fraud have included, but were not limited

27  to, each of the following:

28       a.  An intentionally deceitful letter from defendants Currier,

1  Wright, Parada, Spencer and Kolb to FF Realty, LLC dated January 26,

2  2006, and placed in the United States mail.  This letter, constituting

3  mail fraud, interfered with, "chilled" and ultimately killed a substan-

4  tial sale of the above-described five-acre parcel, thereby depriving

5  plaintiff of any sale proceeds therefrom, as hereinabove alleged;

6      b.  By an intentionally deceitful letter dated January 14, 2008,

7  and placed in the United States mail, the above-named defendants falsely

8  represented to the California Highway Patrol "[l]and use [on the five-

9  acre parcel above described] is under the jurisdiction of the Rincon

10 Tribe", and that such purported jurisdiction was "exclusive".  In this

11 letter, constituting mail fraud, these defendants also falsely repre-

12 sented, referable to the businesses then attempted to be maintained on

13 the five-acre parcel by Donius, that these businesses constituted a

14 "facility . . . operating as an unauthorized business and may violate

15 federal and tribal law.";

16     c.  By the same letter dated January 14, 2008, placed in the United

17 States mail and constituting mail fraud, these defendants made the same

18 factual misrepresentations to a firm known as "Automotive Specialists";

19     d.  By the same letter dated January 14, 2008, placed in the United

20 States mail and constituting mail fraud, these defendants made the same

21 factual misrepresentations to the AAA Auto Club of Southern California;

22     e.  By an intentionally deceitful letter dated April 1, 2008,

23 placed in the United States mail and constituting mail fraud, defendants

24 Mazzetti, Spencer, Parada and Kolb falsely represented that the Rincon

25 Tribe enjoyed "regulatory authority over all lands within the exterior

26 boundaries of the Federal Indian Reservation", including regulatory au-

27 thority as to "electrical connections and/or reconnections".  This

28 letter further falsely represented "[a]s a sovereign nation, we retain

1  the regulatory right to review and approve electrical connections along

2  with development plans (like the County or any municipality)".   This

3  letter also falsely represented that plaintiff's successor, Donius, was

4  conducting "unauthorized businesses" on the five-acre parcel involved;

5      f.  By an intentionally deceitful letter dated May 23, 2008, placed

6  in the United States mail and constituting mail fraud, defendant Waten-

7  paugh falsely represented that plaintiff's successor, Donius, was re-

8  quired to, but had failed to, comply with "the Rincon Tribe's laws and

9  regulations related to construction and development on lands within the

10  Rincon Reservation"; and

11      g.  By an intentionally deceitful letter dated July 30, 2008,

12  placed in the United States mail and constituting mail fraud, defendant

13  Mazzetti falsely represented that the Rincon Tribe constituted "the gov-

14  ernment agency authorized to enforce laws, ordinances, or regulations

15  involving the use of electricity" on subject property.  Additionally and

16  separately, this letter falsely represented "use of electricity at [this

17  parcel] is unsafe", and that such use of electricity was required to but

18  failed to comply with "the Rincon Tribe's laws and regulations related

19  to construction on lands within the Rincon Reservation".

20      D.  **PLAINTIFF'S DAMAGES FROM RACKETEERING ACTIVITY**

21      74.  As a direct and proximate result of the predicate acts of mail

22  fraud and racketeering activity committed by Tribal defendants Mazzetti,

23  Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II,

24  above alleged, plaintiff has sustained compensatory damages in an amount

25  presently unascertained and unascertainable.  Plaintiff will seek leave

26  to amend this complaint to set forth the exact amount of such damages

27  when ascertained, or to conform to proof at trial.  Pursuant to 18 U.S.C.

28  § 1964(c), any damages recoverable by plaintiff at trial must be trebled.

### NINTH COUNT

(Civil RICO Conspiracy Against Tribal Defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

75.  Plaintiff hereby incorporates by this reference Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris- dictional, party descriptive and general allegations pled herein-above, as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count, Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31, 32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and 41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of its Fifth Count, Paragraphs 52, 53, 54, 55, 56 and 57 of its Sixth Count, Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 of its Seventh Count, and Paragraphs 67, 68, 69, 70, 71, 72, 73 and 74 of its Eighth Count hereinabove, as though fully set forth hereat.

76.  This Count is asserted against Tribal defendants Mazzetti, Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II, and each of them, both in their individual, personal capacities, as well as in their official capacities as members or representatives of the Rincon Tribe.

77.  The above-named Tribal defendants, DOE I and DOE II have agreed and conspired together to violate the provisions of 18 U.S.C. § 1962(c), based upon the hereinabove alleged racketeering activity and predicate acts of mail fraud which they have conducted and participated in through the associated-in-fact racketeering enterprise also more particularly hereinabove alleged.  By reason thereof, these defendants are subject to liability to plaintiff pursuant to the provisions of 18 U.S.C. § 1962(d).

78.  As a direct and proximate result of the predicate acts of mail fraud and racketeering activity committed by the above-named Tribal

CASE NO.

1 | defendants, DOE I and DOE II, hereinabove alleged, plaintiff has sus-

2 | tained compensatory damages in an amount presently unascertained and

3 | unascertainable.  Plaintiff will seek leave to amend this complaint to

4 | set forth the exact amount of such damages when ascertained, or to con-

5 | form to proof at trial.  Pursuant to 18 U.S.C. § 1964(c), any damages

6 | recoverable by plaintiff at trial must be trebled.

### TENTH COUNT

(Negligent Interference With Contract Against Tribal
Defendants Mazzetti, Currier, Wright, Parada, Spencer,
Kolb, Watenpaugh, DOE I and DOE II)

79.  Plaintiff hereby incorporates by this reference Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-dictional, party descriptive and general allegations pled herein-above, as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count, Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31, 32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and 41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50 and 51 of its Fifth Count, Paragraphs 52, 53, 54, 55, 56 and 57 of its Sixth Count, Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 of its Seventh Count, Paragraphs 67, 68, 69, 70, 71, 72, 73 and 74 of its Eighth Count, and Paragraphs 75, 76, 77 and 78 of its Ninth Count here-inabove, as though fully set forth hereat.

80.  By means of the hereinabove alleged acts and conduct on the part of the Tribal defendants, DOE I and DOE II these defendants have at the very least negligently interfered with plaintiff's long-standing contractual relationship with Donius -- a relationship well known to all of these defendants -- thereby causing (1) an inability by Donius to conduct mushroom growing and all other commercial and residential rental

1   operations from the property and (2) a consequent failure by Donius to

2   perform the payment obligations required of him for plaintiff's benefit

3   under the debt and "carry-back" security obligations more particularly

4   alleged in Paragraph 11 hereinabove.

5       81.   By reason of the above-named defendants' negligent interfer-

6   ence with contract, hereinabove alleged, plaintiff has been deprived of

7   benefits plaintiff otherwise would have realized and received pursuant

8   to its contractual relationship with Donius, and has directly and

9   proximately thereby sustained compensatory damages in an amount not

10  presently ascertainable.   Plaintiff will seek leave to amend this

11  complaint to set forth the exact amount of such compensatory damages

12  when ascertainable, or to conform to proof at trial.

13                          **ELEVENTH COUNT**

14
                (Negligent Interference With Advantageous Economic
15          Relationship Against Tribal Defendants Mazzetti, Currier,
            Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)
16

17      82.   Plaintiff hereby incorporates by this reference Paragraphs 1,

18  2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-

19  dictional, party descriptive and general allegations pled hereinabove,

20  as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count,

21  Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31,

22  32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and

23  41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50

24  and 51 of its Fifth Count, Paragraphs 52, 53, 54, 55, 56 and 57 of its

25  Sixth Count, Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 of its

26  Seventh Count, Paragraphs 67, 68, 69, 70, 71, 72, 73 and 74 of its

27  Eighth Count, Paragraphs 75, 76, 77 and 78 of its Ninth Count and Para-

28  graphs 79, 80 and 81 of its Tenth Count hereinabove, as though fully set

1  forth hereat.

2       83.   The property constituting the subject of this action, more

3  particularly described in Paragraphs 9 and 10 hereinabove, is believed

4  by plaintiff to have a present fair market value exceeding or approxi-

5  mating Two Million Dollars ($2,000,000).   This property is, however,

6  unsalable by plaintiff (in the event plaintiff is required to foreclose

7  under the debt and security instruments above described), and similarly,

8  the "carry-back" deed of trust and underlying promissory note obligations

9  from Donius to plaintiff are likewise unsalable by plaintiff, since no

10 prospective purchaser would be willing to buy either the property or the

11 referenced instruments because of (1) the wrongful assertion of regula-

12 tory authority over the property by Tribal defendants Mazzetti, Currier,

13 Wright, Parada, Spencer, Kolb, Watenpaugh,, DOE I and DOE II, herein-

14 above alleged, as well as also because of (2) no assured availability of

15 electrical power and service to the property, as more particularly al-

16 leged in Paragraph 17 hereinabove, directly flowing from the wrongful

17 assertion of regulatory authority over the property by the above-named

18 Tribal defendants, DOE I and DOE II.

19      84.   As hereinabove alleged, plaintiff's opportunities to market

20 and/or sell either or both subject property and/or the underlying debt

21 and security instruments above described constitute prospective advan-

22 tageous economic relationships with which the above-named Tribal defend-

23 ants, DOE I and DOE II have intentionally interfered without justifica-

24 tion of any nature.

25      85.   By reason of the negligent interference by the above-named

26 Tribal defendants, DOE I and DOE II with plaintiff's prospective ad-

27 vantageous economic relationships, as hereinabove alleged, and as a

28 direct and proximate result thereof, plaintiff has sustained compensa-

CASE NO.

1  tory damages in an amount not presently ascertainable.  Plaintiff will

2  seek leave to amend this complaint to set forth the exact amount of such

3  compensatory damages when ascertainable, or to conform to proof at trial.

### TWELFTH COUNT

(Federal Civil Rights Damages Pursuant to 42 U.S.C. § 1983
Against Tribal Defendants Mazzetti, Currier, Wright,
Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II)

8     86.  Plaintiff hereby incorporates by this reference Paragraphs 1,

9  2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 of the juris-

10  dictional, party descriptive and general allegations pled hereinabove,

11  as well as Paragraphs 18, 19, 20, 21, 22, 23 and 24 its First Count,

12  Paragraphs 25, 26, 27, 28, 29 and 30 of its Second Count, Paragraphs 31,

13  32, 33, 34, 35 and 36 of its Third Count, Paragraphs 37, 38, 39, 40 and

14  41 of its Fourth Count, Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50

15  and 51 of its Fifth Count, Paragraphs 52, 53, 54, 55, 56 and 57 of its

16  Sixth Count, Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66 of its

17  Seventh Count, Paragraphs 67, 68, 69, 70, 71, 72, 73 and 74 of its

18  Eighth Count, Paragraphs 75, 76, 77 and 78 of its Ninth Count, Para-

19  graphs 79, 80 and 81 of its Tenth Count, and Paragraphs 82, 83, 84, 85

20  and 86 of its Eleventh Count hereinabove, as though fully set forth

21  hereat.

22     87.  This Count is asserted against Tribal defendants Mazzetti,

23  Currier, Wright, Parada, Spencer, Kolb, Watenpaugh, DOE I and DOE II,

24  and each of them, both in their individual, personal capacities, as well

25  as in their official capacities as members or representatives of the

26  Rincon Tribe.

27     88.  In planning, entering into, carrying out and effectuating the

28  above-described conspiracy to acquire the property more particularly

1    described in Paragraphs 9 and 10 hereinabove, cheaply and without the

2    payment of adequate consideration, the above-named Tribal defendants,

3    DOE I and DOE II, and each of them, have under color of law subjected

4    plaintiff, or caused plaintiff to be so subjected, to the deprivation of

5    property rights, privileges and immunities secured to plaintiff by the

6    United States and California constitutions, as well as by other appli-

7    cable federal and California law, in violation of plaintiff's civil

8    rights under 42 U.S.C. § 1983.

9        89.  As a direct and proximate result of the violation of 42 U.S.C.

10   § 1983 by the above-named Tribal defendants, DOE I and DOE II, plain-

11   tiff has suffered deprivation of its civil rights, as above described,

12   and has sustained compensatory damages in an amount presently unascer-

13   tained and unascertainable.  Plaintiff will seek leave to amend this

14   complaint to set forth the exact amount of such damages when ascer-

15   tained, or to conform to proof at trial.

16       90.  Plaintiff is also entitled to recover its reasonable attorney

17   fees and costs incurred herein, pursuant to 42 U.S.C. § 1988.

18

19       WHEREFORE, plaintiff requests judgment as follows:

20

21       1.  **FIRST COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

22   CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

23   DICK WATENPAUGH, DOE I and DOE II, and each of them, for issuance of an

24   order granting plaintiff declaratory relief, including without limita-

25   tion a declaration and judgment that these defendants, either in their

26   personal or official capacities, are not constitutionally or legally

27   entitled to exert regulatory or adjudicative authority or jurisdiction,

28   in the name of the Rincon Tribe or otherwise, over or against plaintiff,

1   or over or against the real property that is the subject of this action,

2   all as more particularly alleged in plaintiff's First Count.

3      2. **SECOND COUNT**: Against Tribal defendants BO MAZZETTI, JOHN

4   CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

5   DICK WATENPAUGH, DOE I and DOE II, and each of them, for issuance of

6   this Court's Mandatory Injunction requiring that these defendants and

7   each of them, in their personal as well as in their official capacities,

8   be preliminarily and permanently restrained and enjoined from exerting,

9   or attempting to exert, any prospective or future regulatory or adjudi-

10   cative authority or jurisdiction, in the name of the Rincon Tribe or

11   otherwise, over or against plaintiff, or over or against the real prop-

12   erty that is the subject of this action, all as more particularly

13   alleged in plaintiff's Second Count.

14      3. **THIRD COUNT**: Against Tribal defendants BO MAZZETTI, JOHN

15   CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

16   DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

17   damages according to proof, and punitive or exemplary damages as may be

18   determined by this Court.

19      4. **FOURTH COUNT**: Against Tribal defendants BO MAZZETTI, JOHN

20   CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

21   DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

22   damages according to proof, and punitive or exemplary damages as may be

23   determined by this Court.

24      5. **FIFTH COUNT**: Against Tribal defendants BO MAZZETTI, JOHN

25   CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

26   DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

27   damages according to proof, and punitive or exemplary damages as may be

28   determined by this Court.

1      6.   **SIXTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

2  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

3  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

4  damages according to proof, and punitive or exemplary damages as may be

5  determined by this Court.

6      7.   **SEVENTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

7  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

8  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

9  damages according to proof, and for reasonable attorney's fees and costs

10  incurred herein pursuant to 42 U.S.C. § 1988.

11      8.   **EIGHTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

12  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

13  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

14  damages according to proof, and that such damages be trebled, and for

15  reasonable attorney's fees pursuant to 18 U.S.C. § 1964(c).

16      9.   **NINTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

17  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

18  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

19  damages according to proof, and that such damages be trebled, and for

20  reasonable attorney's fees pursuant to 18 U.S.C. § 1964(c).

21     10.   **TENTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

22  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

23  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

24  damages according to proof.

25     11.   **ELEVENTH COUNT**:  Against Tribal defendants BO MAZZETTI, JOHN

26  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

27  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

28  damages according to proof.

CASE NO.

1    12.   **TWELFTH COUNT:**  Against Tribal defendants BO MAZZETTI, JOHN

2  CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB,

3  DICK WATENPAUGH, DOE I and DOE II, and each of them, for compensatory

4  damages according to proof, and for reasonable attorney's fees and costs

5  incurred herein pursuant to 42 U.S.C. § 1988.

6    13.   For costs incurred herein, and such other and further relief

7  as this Court may deem proper.

8

9    Dated:   October 20, 2009

10

11                                    _____
                                           GEORGE McGILL
12                                       Attorney for Plaintiff

13

14                         ***DEMAND FOR JURY TRIAL***

15    Plaintiff hereby demands a jury trial as provided by Rule 38(a) of

16  the Federal Rules of Civil Procedure.

17

18                                    _____
                                           GEORGE McGILL
19                                       Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

CASE NO.

**JS 44** (Rev. 12/07)



# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rincon Mushroom Corporation of America,
a California corporation

## DEFENDANTS

Bo Mazzetti; John Currier; Vernon Wright; Gilbert Parada; Stephanie Spencer; Charlie Kolb; Dick Watenpaugh; Does I; Doe II

*FILED*

**(b)** County of Residence of First Listed Plaintiff __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __San Diego__ *'09 OCT 20 PM 3:18*
(IN U.S. PLAINTIFF CASES ONLY)

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY *POR* DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
George McGill   (858) 481-8446
1328 Sun Valley Road
Solana Beach, CA 92075

Attorneys (If Known)
Karen R. Graham   (760) 416-7014
1775 E. Palm Canyon, Suite 110-251
Palm Springs, CA 92264

**'09 CV 2330 WQH POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | **SOCIAL SECURITY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 861 HIA (1395ff) | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 862 Black Lung (923) | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 864 SSID Title XVI | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. §§ 1961–1968

Brief description of cause:
RICO

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
9/20/09

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 6478   AMOUNT 350.00   APPLYING IFP   JUDGE   MAG. JUDGE

MS 10/20/09



DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006478
Cashier ID: msweaney
Transaction Date: 10/20/2009
Payer Name: GEORGE MC GIL ATTY AT LAW
-----------------------------------
CIVIL FILING FEE
 For: RINCON CORP V MAZZETTI
 Case/Party: D-CAS-3-09-CV-002330-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 4190
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.