UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BO MAZZETTI, JOHN CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB, DICK WATENPAUGH, DOE CO., DOE I, and DOE II,<br><br>Defendants. | Case No.: 09-cv-2330-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion for an Emergency Order Staying Enforcement of the Rincon Tribal Court "Judgment" Pending Appeal in Tribal Court of Appeals filed by Plaintiff Rincon Mushroom Corporation of America. (ECF No. 104).

**I. BACKGROUND**

On October 20, 2009, Plaintiff Rincon Mushroom Corporation of America (RMCA) initiated this action by filing the Complaint. (ECF No. 1). The action concerns tribal

regulation of non-Indian fee simple land (the Property) located within the boundaries of the reservation of the Rincon Band of Luiseno Mission Indians (the Tribe). Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlies Kolb, and Dick Watenpaugh (the Rincon Band Defendants) are tribal officials sued in their individual and official capacities. *Id.* ¶¶ 4–5.

The Complaint alleges the following ten causes of action: (1) intentional interference with contract; (2) intentional interference with advantageous economic relationship; (3) conspiracy to intentionally interfere with contract; (4) conspiracy to intentionally interfere with advantageous economic relationship; (5) conspiracy to deprive plaintiff of equal protection and equal privileges and immunities under 42 U.S.C. § 1985(3); (6) civil RICO; (7) civil RICO conspiracy; (8) negligent interference with contract; (9) negligent interference with advantageous economic relationship; and (10) violation of 42 U.S.C. § 1983. *Id.*

On September 21, 2010, the Court granted a motion to dismiss filed by the Rincon Band Defendants. (ECF No. 54). The Court dismissed the Complaint for failure to exhaust tribal court remedies, stating,

> Given the breadth of the declaratory and injunctive relief requested by the Plaintiff, there is a "colorable or plausible" claim to tribal regulatory and tribal court jurisdiction pursuant to *Montana*'s second exception. *Elliott*, 566 F.3d at 848; cf. *Montana II*, 137 F.3d at 1141. Although *Montana*'s second exception should not "be construed in a manner that would swallow the rule or severely shrink it," *Plains Commerce Bank*, 128 S. Ct. at 2720, neither should it be construed in a manner that would eliminate the exception entirely. Because tribal court jurisdiction is plausible, 'principles of comity require [federal courts] to give the tribal courts a full opportunity to determine their own jurisdiction in the first instance." *Elliott*, 566 F.3d at 850–51. The Court concludes that Plaintiff must exhaust tribal remedies prior to asserting its claims in this Court.

*Id.* at 13–14.

The Court of Appeals for the Ninth Circuit affirmed that Plaintiff RMCA must exhaust tribal remedies on the issue of tribal jurisdiction before bringing suit in federal court. (ECF No. 66). The Court of Appeals stated,

> We emphasize that we are not now deciding whether the tribe actually has jurisdiction under the second *Montana* exception. We hold only that where, as here, the tribe's assertion of jurisdiction is "colorable" or "plausible," the tribal courts get the first chance to decide whether tribal jurisdiction is actually permitted. If the tribal courts sustain tribal jurisdiction and Rincon Mushroom is unhappy with that determination, it may then repair to federal court.

*Id.* at 4. However, the Court of Appeals held that this Court abused discretion by dismissing the case rather than staying it. *Id.* at 5. The Court of Appeals reversed the dismissal and remanded with instructions to stay the case pending Plaintiff RMCA's exhaustion of tribal remedies. *Id.*

On August 1, 2012, this Court issued an Order spreading the mandate, ordering the Clerk of Court to reopen the case, and staying the case pending the exhaustion of tribal remedies. (ECF No. 65).

In the years following the Order staying the case, the Court ordered and the parties filed three status reports as to the exhaustion of tribal remedies. (ECF Nos. 72, 78, 81). On June 25, 2015, the Court issued an Order administratively closing the case "without prejudice to any party to move to reopen, and without prejudice to the resolution of any statute of limitations issue associated with the filing of this complaint." (ECF No. 82 at 3).

On July 26, 2017, the Court denied (ECF No. 95) Plaintiff RMCA's motions to reopen the case (ECF Nos. 83, 92). The Court stated,

> [T]he record reflects that RMCA has been afforded multiple opportunities to challenge tribal jurisdiction through motions for partial summary judgment and a trial on the issue of jurisdiction. Finally, RMCA will also have the opportunity to seek tribal court appellate review of the tribal court's ruling on jurisdiction in the trial court. The Court concludes that RMCA has failed to establish that it lacks an adequate opportunity to challenge tribal court jurisdiction. . . .

3

(ECF No. 95 at 16). In addition, the Court denied Plaintiff RMCA's request for preliminary injunction. *Id.* The Court stated,

> This Court and the Court of Appeals has determined that RMCA must exhaust its tribal remedies prior to seeking relief in this Court, which includes tribal appellate review on the issue of jurisdiction. Accordingly, the request for a preliminary injunction is denied.

*Id.* The Court ordered the parties to file status reports every sixty days regarding exhaustion of tribal remedies. *Id.* at 16–17. Between September 21, 2017, and March 6, 2019, the parties filed five status reports. (ECF Nos. 96–98, 100, 103).

On April 19, 2019, a tribal court in the Intertribal Court of Southern California (the tribal court) signed a judgment stating that the Tribe has regulatory jurisdiction over the Property and that the tribal court has jurisdiction over this action (the April 2019 Judgment). (ECF No. 104 at 40). In addition, the tribal court ordered the following:

> 1. In order to proceed with any development or further use of the property RMCA/Donius shall provide the Tribe with a business plan . . . .
> 5. As a point of clarity RMCA/Donius shall not conduct any activity on the property without an approved business plan being in place and approved. This includes all commercial, residential, or any type of personal or business activity. However, RMCA/Donius may remove existing items from the property.
> 6. Should RMCA/Donius violate any provisions of this order or is not in compliance with an approved business plan they shall be subject to a $2,000 (two-thousand dollar) a day fine payable to the Rincon Tribe. Said fines shall remain in place until said violation is cured. . . .
> The Court shall in all related manners, retain jurisdiction in this case thereby ensuring enforcement and compliance with this judg[]ment.
> Judg[]ment in this matter shall be stayed for 30 days from receipt of this decision pending . . . an opportunity to file an appeal.

*Id.* at 50–51. Plaintiff RMCA asserts that a timely appeal was filed, which stayed enforcement of the judgment until May 22, 2019.

4

On May 22, 2019, the tribal court denied the motion to stay the April 2019 Judgment that was filed by Plaintiff RMCA and Donius. *Id.* at 77. On May 22, 2019, Plaintiff RMCA and Donius filed a motion for immediate stay with the Court of Appeal for the Intertribal Court of Southern California (the tribal appellate court).

On May 24, 2019, Plaintiff RMCA filed the Ex Parte Motion for an Emergency Order Staying Enforcement of the Rincon Tribal Court "Judgment" Pending Appeal in Tribal Court of Appeals. (ECF No. 104). Plaintiff RMCA seeks an order "directing the Rincon Tribe and the named Tribal Council Defendants in this case to refrain from executing on the Tribal Court Judgment of April 22, 2019" that prohibits activity on the Property without tribal approval. *Id.* at 3. In addition, Plaintiff RMCA requests that the Court order the Tribe and named Tribal Council Defendants to "cease and desist all efforts to block the entrance to Plaintiffs' property" and includes a document titled "Notice of Property Closure" stating that "access to the property . . . shall be prohibited as of noon, Monday, June 3, 2019 . . . with the limited exception for egress to remove personal property." *Id.* at 6, 10.

On May 29, 2019, Defendants filed a Response in opposition to the Motion. (ECF No. 106).

On May 31, 2019, Plaintiff RMCA filed a Reply in support of the Motion. (ECF No. 108).

## II. DISCUSSION

Plaintiff RMCA seeks an order "directing the Rincon Tribe and the named Tribal Council Defendants in this case to refrain from executing on the Tribal Court Judgment of April 22, 2019, and specifically cease and desist all efforts to block the entrance to Plaintiffs' property . . . pending the review of the April 22, 2019 Judgment in the Tribal Court of Appeals." (ECF No. 104 at 6). Plaintiff RMCA asserts that "the same motion" was filed "with the Tribal Court of Appeals. That motion is now pending . . . . The Tribe

is asking for a bond of $1 billion [to] be posted if a stay is granted."[1]  *Id.* at 2.  Plaintiff RMCA "incorporate[s] by reference" the motion for a stay filed with the Tribal Court of Appeals on May 22, 2019.  *Id.* at 3.

Plaintiff RMCA contends that the requirements for a preliminary injunction are satisfied in this case.  Plaintiff RMCA asserts that the Tribe's representative told Donius that "if he and his business are not gone by June 3, 2019, the Tribe will be blocking the entrance to the property by placing cement blockades on the County road in front of the entrance to the property."  *Id.* at 2.  Plaintiff RMCA asserts that the April 2019 Judgment does not permit the Tribe to place blocks on the highway or the Property.  Plaintiff RMCA asserts that it "has sought to exhaust its tribal remedies" and that the stay requested of the tribal appellate court "has not been acted upon."  (ECF No. 108 at 4).  Plaintiff RMCA asserts that allowing the Tribe to execute on the April 2019 Judgment would change the status quo and deprive Plaintiff RMCA and Donius of the "right to exhaust their Tribal remedies before repairing back to the federal court."  *Id.* at 8–9.  Plaintiff RMCA asserts that without a stay of the judgment, the Tribe's blocking of the Property's entrance "would cause irreparable harm to Plaintiffs, in that they would not be allowed to conduct their business and could not use their property in any fashion."  (ECF No. 104 at 6).  Plaintiff RMCA asserts that if the Property's entrance is blocked, "families living on the [P]roperty . . . will be homeless."  (ECF No. 108 at 9).  Plaintiff RMCA asserts that plants in the Property's nursery will die, harming Donius's business selling the plants to stores.  Plaintiff RMCA asserts that businesses related to pallets and commercial equipment storage on the Property will be impaired, causing financial losses to the proprietor.  Plaintiff RMCA

---

[1] Plaintiff RMCA references "Plaintiffs" throughout the briefing for the Motion.  Plaintiff RMCA is the only plaintiff in this action.

6

09-cv-2330-WQH-JLB

asserts that the Tribe is acting in bad faith and would not be prejudiced by a stay of the April 2019 Judgment.

Defendants contend that the Motion is procedurally improper because the case has not been reopened and tribal remedies have not been exhausted. Defendants contend that Plaintiff RMCA has not exhausted tribal remedies regarding efforts to obtain a stay of the April 2019 Judgment because the tribal appellate court has not ruled on Plaintiff RMCA's motion to stay. Defendants contend that Plaintiff RMCA fails to demonstrate the necessary elements for a preliminary injunction. Defendants assert that the Motion before the Court will be moot if the tribal appellate court grants Plaintiff RMCA's motion to stay. Defendants assert that the April 2019 Judgment directs Plaintiff RMCA and Donius "to refrain from activity on the Subject Property" without tribal approval. (ECF No. 106 at 7). Defendants assert that Plaintiff RMCA and Donius "are presently engaging in a significant increase in both the amount and scope of activity on the Subject Property" in violation of the April 22, 2019 judgment, increasing the risk of harm to the Tribe from water contamination and wildfires. *Id.* at 7. Defendants assert, "The Tribe does intend to enforce the Judgment by establishing a monitored blockade of the Subject Property allowing only the egress of vehicles and personal property until an []approved business plan is in effect, but that does not require blockading Valley Center Road or any other County road." *Id.* at 17 n.5.

Generally, if a non-Indian defendant is haled into a tribal court and asserts that the tribal court lacks jurisdiction, the defendant must exhaust tribal remedies before seeking to enjoin the tribal proceeding in federal court. *See Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 855–57 (1985). Even when there is no pending proceeding in tribal court, a nonmember plaintiff may not sue in federal court asserting that the tribe lacks regulatory authority over nonmember actions taken on non-Indian land within a reservation without exhausting tribal court remedies. *See Burlington N. v. Crow Tribal*

*Council*, 940 F.2d 1239, 1246 (9th Cir. 1991). "Exhaustion is prudential; it is required as a matter of comity, not as a jurisdictional prerequisite." *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004).

The Court of Appeals for the Ninth Circuit and the Supreme Court have both held that the exhaustion of tribal remedies includes tribal appellate review on the issue of jurisdiction. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16–17 (1987) ("At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts."); *Allstate Indem. Co. v. Stump*, 191 F.3d 1071, 1073 (9th Cir. 1999) ("Exhaustion of tribal remedies includes tribal appellate review on the question of jurisdiction; thus, federal courts should not intervene until tribal appellate review is complete.").

Plaintiff RMCA provides the following notice, which was posted on the Property on May 23, 2019:

> NOTICE OF PROPERTY CLOSURE
> MAY 23, 2019
> PURSUANT TO THAT CERTAIN INTERTRIBAL COURT OF SOUTHERN CALIFORNIA JUDGMENT IN CASE NO. CV-1508-15, AND NO. RINCON-02972009, DATED APRIL 19, 2019 . . . YOU ARE HEREBY NOTIFIED THAT ACCESS TO THE PROPERTY LOCATED AT 33777 VALLEY CENTER ROAD SHALL BE PROHIBITED AS OF NOON, MONDAY, JUNE 3, 2019 BY THE RINCON BAND OF LUISENO INDIANS WITH THE LIMITED EXCEPTION FOR EGRESS TO REMOVE PERSONAL PROPERTY.

(ECF No. 104 at 10). This Court has previously ruled, and the Court of Appeals has affirmed, that Plaintiff RMCA must exhaust tribal remedies before seeking relief in federal district court. The tribal court must be afforded the first opportunity to determine the extent of tribal jurisdiction. While the tribal court determined that the Tribe has regulatory jurisdiction as stated in its April 2019 Judgment, exhaustion of tribal remedies includes tribal appellate review on the issue of jurisdiction. *See Iowa Mut. Ins. Co.*, 480 U.S. at 16–

17. The Intertribal Court of Southern California (ICSC) Code of Civil Procedure and Rules of Court and the ICSC Inter-Governmental Agreement provide that parties in tribal court may appeal a final order or judgment of the ICSC Tribal Court. *See* ICSC Code of Civil Procedure and Rules of the Court at § 7.7.01; ICSC Inter-Governmental Agreement §§ 202, 205–06 ("Any party aggrieved by a final order or judgment of the ICSC Trial Court may file a petition requesting the ICSC Court of Appeals review the order or judgment . . . . [E]ither party may request the Trial Court grant or stay an injunction pending appeal. . . . The appellant may petition the Court of Appeals to review any decision of the Trial Court under this Section."). Based on the record before this Court, the tribal appellate court has not conducted any review of the issues of tribal jurisdiction or a stay of the tribal court's April 2019 Judgment. RMCA fails to establish that the tribal court's decisions on jurisdiction or the motion to stay would not be subject to tribal appellate review during tribal court proceedings. *See Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009) (determining that where a tribal appellate review process did not permit interlocutory appeals from jurisdictional rulings, the plaintiff was still required to exhaust tribal court remedies by waiting to seek appellate review until a final decision on the merits). Based on the record before the Court, the Court concludes that RMCA has not exhausted its tribal court remedies.

There are four exceptions to the exhaustion rule: "(1) when an assertion of tribal court jurisdiction is 'motivated by a desire to harass or is conducted in bad faith'; (2) when the tribal court action is 'patently violative of express jurisdictional prohibitions'; (3) when 'exhaustion would be futile because of the lack of an adequate opportunity to challenge the tribal court's jurisdiction'; and (4) when it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay.'" *Elliott*, 566 F.3d at 847 (quoting *Nevada v. Hicks*, 533 U.S. 353, 369 (2001)). The Court has reviewed the record, which establishes legal and factual disputes between the Rincon Band

Defendants and Plaintiff RMCA but does not demonstrate that the assertion of tribal jurisdiction was motivated by a desire to harass or was conducted in bad faith. The Court concludes that the evidence in the record is insufficient to "prove[] the enforcement of the statutory scheme was the product of bad faith conduct or was perpetuated with a motive to harass." *A & A Concrete, Inc. v. White Mountain Apache Tribe*, 781 F.2d 1411, 1417 (9th Cir. 1986). For the reasons stated in the Court's July 26, 2017 Order, the Court finds that no exception to the exhaustion requirement applies in this case based on express jurisdictional prohibition, lack of opportunity to challenge jurisdiction, or a plain lack of jurisdiction.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Motion for an Emergency Order Staying Enforcement of the Rincon Tribal Court "Judgment" Pending Appeal in Tribal Court of Appeals (ECF No. 104) filed by Plaintiff RMCA is DENIED.

Dated: June 3, 2019

Hon. William Q. Hayes
United States District Court