UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BO MAZZETTI, JOHN CURRIER, VERNON WRIGHT, GILBERT PARADA, STEPHANIE SPENCER, CHARLIE KOLB, DICK WATENPAUGH, DOE CO., DOE I, and DOE II,<br><br>Defendants. | Case No.: 09-cv-2330-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Second Application for an Emergency Order Staying Enforcement of the Rincon Tribal Court Judgment Pending Appeal filed by Plaintiff Rincon Mushroom Corporation of America. (ECF No. 112).

**I.  BACKGROUND**

On October 20, 2009, Plaintiff Rincon Mushroom Corporation of America (RMCA) initiated this action by filing the Complaint. (ECF No. 1). The action concerns tribal regulation of non-Indian fee simple land (the Property) located within the boundaries of

1

the reservation of the Rincon Band of Luiseno Mission Indians (the Tribe). Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlies Kolb, and Dick Watenpaugh (the Rincon Band Defendants) are tribal officials sued in their individual and official capacities. *Id.* ¶¶ 4–5.

The Complaint alleges the following ten causes of action: (1) intentional interference with contract; (2) intentional interference with advantageous economic relationship; (3) conspiracy to intentionally interfere with contract; (4) conspiracy to intentionally interfere with advantageous economic relationship; (5) conspiracy to deprive plaintiff of equal protection and equal privileges and immunities under 42 U.S.C. § 1985(3); (6) civil RICO; (7) civil RICO conspiracy; (8) negligent interference with contract; (9) negligent interference with advantageous economic relationship; and (10) violation of 42 U.S.C. § 1983. *Id.*

On September 21, 2010, the Court granted a motion to dismiss filed by the Rincon Band Defendants. (ECF No. 54). The Court dismissed the Complaint for failure to exhaust tribal court remedies, stating,

> Given the breadth of the declaratory and injunctive relief requested by the Plaintiff, there is a colorable or plausible claim to tribal regulatory and tribal court jurisdiction . . . . Because tribal court jurisdiction is plausible, principles of comity require [federal courts] to give the tribal courts a full opportunity to determine their own jurisdiction in the first instance. . . . The Court concludes that Plaintiff must exhaust tribal remedies prior to asserting its claims in this Court.

*Id.* at 13–14 (quotations and citations omitted).

The Court of Appeals for the Ninth Circuit agreed that Plaintiff RMCA must exhaust tribal remedies on the issue of tribal jurisdiction before bringing suit in federal court. (ECF No. 66). The Court of Appeals stated,

> We emphasize that we are not now deciding whether the tribe actually has jurisdiction . . . . We hold only that where, as here, the tribe's assertion of jurisdiction is "colorable" or "plausible," the tribal courts get the first chance

to decide whether tribal jurisdiction is actually permitted. If the tribal courts sustain tribal jurisdiction and Rincon Mushroom is unhappy with that determination, it may then repair to federal court.

*Id.* at 4. However, the Court of Appeals held that this Court abused its discretion by dismissing the case rather than staying the case. *Id.* at 5. The Court of Appeals reversed the dismissal and remanded with instructions to stay the case pending Plaintiff RMCA's exhaustion of tribal remedies. *Id.*

On August 1, 2012, this Court issued an Order spreading the mandate, ordering the Clerk of Court to reopen the case, and staying the case pending the exhaustion of tribal remedies. (ECF No. 65).

In the years following the Order staying the case, the Court ordered and the parties filed three status reports as to the exhaustion of tribal remedies. (ECF Nos. 72, 78, 81). On June 25, 2015, the Court issued an Order administratively closing the case "without prejudice to any party to move to reopen, and without prejudice to the resolution of any statute of limitations issue associated with the filing of this complaint." (ECF No. 82 at 3).

On July 26, 2017, the Court denied (ECF No. 95) Plaintiff RMCA's motions to reopen the case (ECF Nos. 83, 92). The Court stated,

> [T]he record reflects that RMCA has been afforded multiple opportunities to challenge tribal jurisdiction through motions for partial summary judgment and a trial on the issue of jurisdiction. Finally, RMCA will also have the opportunity to seek tribal court appellate review of the tribal court's ruling on jurisdiction in the trial court. The Court concludes that RMCA has failed to establish that it lacks an adequate opportunity to challenge tribal court jurisdiction. . . .

(ECF No. 95 at 16). In addition, the Court denied Plaintiff RMCA's request for preliminary injunction. *Id.* The Court stated,

> This Court and the Court of Appeals has determined that RMCA must exhaust its tribal remedies prior to seeking relief in this Court, which includes tribal appellate review on the issue of jurisdiction. Accordingly, the request for a preliminary injunction is denied.

3

09-cv-2330-WQH-JLB

*Id.* The Court ordered the parties to file status reports every sixty days regarding exhaustion of tribal remedies. *Id.* at 16–17. Between September 21, 2017, and March 6, 2019, the parties filed five status reports. (ECF Nos. 96–98, 100, 103).

On April 19, 2019, a tribal court in the Intertribal Court of Southern California (the tribal trial court) signed a judgment stating that the Tribe has regulatory jurisdiction over the Property and that the tribal trial court has jurisdiction over this action (the April 2019 Judgment). (ECF No. 109 at 4). In addition, the tribal trial court ordered the following:

> 1. In order to proceed with any development or further use of the property RMCA/Donius shall provide the Tribe with a business plan . . . .
> 5. As a point of clarity RMCA/Donius shall not conduct any activity on the property without an approved business plan being in place and approved. This includes all commercial, residential, or any type of personal or business activity. However, RMCA/Donius may remove existing items from the property.
> 6. Should RMCA/Donius violate any provisions of this order or is not in compliance with an approved business plan they shall be subject to a $2,000 (two-thousand dollar) a day fine payable to the Rincon Tribe. Said fines shall remain in place until said violation is cured. . . .
> The Court shall in all related manners, retain jurisdiction in this case thereby ensuring enforcement and compliance with this judgement.
> Judgement in this matter shall be stayed for 30 days from receipt of this decision pending . . . an opportunity to file an appeal.

*Id.* Plaintiff RMCA filed an appeal of the April 2019 Judgment with the Court of Appeal for the Intertribal Court of Southern California (the tribal appellate court), which stayed enforcement of the April 2019 Judgment until May 22, 2019. *Id.*

On May 22, 2019, the tribal trial court denied a motion to stay the April 2019 Judgment filed by Plaintiff RMCA and Marvin Donius.[1] *Id.*

---

[1] The Complaint states that Marvin Donius is the successor in interest of Plaintiff RMCA. (ECF No. 1 ¶ 7). Plaintiff RMCA is the only plaintiff in this action.

4

On May 22, 2019, Plaintiff RMCA and Donius filed a motion to stay the April 2019 Judgment with the tribal appellate court. *Id.*

On May 23, 2019, a document was posted on the Property, stating:

> NOTICE OF PROPERTY CLOSURE
> MAY 23, 2019
> PURSUANT TO THAT CERTAIN INTERTRIBAL COURT OF SOUTHERN CALIFORNIA JUDGMENT IN CASE NO. CV-1508-15, AND NO. RINCON-02972009, DATED APRIL 19, 2019 . . . YOU ARE HEREBY NOTIFIED THAT ACCESS TO THE PROPERTY LOCATED AT 33777 VALLEY CENTER ROAD SHALL BE PROHIBITED AS OF NOON, MONDAY, JUNE 3, 2019 BY THE RINCON BAND OF LUISENO INDIANS WITH THE LIMITED EXCEPTION FOR EGRESS TO REMOVE PERSONAL PROPERTY.

*Id.* at 8.

On May 24, 2019, Plaintiff RMCA filed an ex parte motion with this Court, seeking an emergency order staying enforcement of the April 2019 Judgment and prohibiting the Tribe from blocking the entrance to the Property. *Id.* at 5.

On June 3, 2019, this Court denied the ex parte emergency motion to stay the April 2019 Judgment, stating,

> Based on the record before this Court, the tribal appellate court has not conducted any review of the issues of tribal jurisdiction or a stay of the tribal court's April 2019 Judgment. RMCA fails to establish that the tribal court's decisions on jurisdiction or the motion to stay would not be subject to tribal appellate review during tribal court proceedings. *See Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009) (determining that where a tribal appellate review process did not permit interlocutory appeals from jurisdictional rulings, the plaintiff was still required to exhaust tribal court remedies by waiting to seek appellate review until a final decision on the merits). Based on the record before the Court, the Court concludes that RMCA has not exhausted its tribal court remedies.

*Id.* at 9.

5

Plaintiff RMCA provides evidence that on June 3, 2019, cement blocks were placed at the entrance of the Property, preventing entrance to and exit from the Property. (ECF No. 112 at 68, 72, 74, 76). Plaintiff RMCA provides evidence that on June 25, 2019, the tribal appellate court extended the tribal trial court's stay of the April 2019 Judgment until the later of 60 days or the tribal appellate court's ruling on the motion to stay the April 2019 Judgment. *Id.* at 84. Plaintiff RMCA states that the blocks were removed on June 25, 2019. *Id.* at 6.

On July 8, 2019, the tribal appellate court granted a conditional stay of the April 2019 Judgment. *Id.* at 82–89. One condition provides that "Appellants shall submit for approval by this Court and if approved, post a corporate surety bond in the sum of $1,000,000 payable (1) upon affirmation of judgment in favor of Appellees and or (2) upon a finding by this Court that Appellants, or either of them, have violated this conditional stay." *Id.* at 88.

On July 25, 2019, the tribal appellate court denied a motion to reconsider the bond condition filed by Plaintiff RMCA and Donius. *Id.* at 92–96. In addition, the tribal appellate court amended the bond condition to provide:

> (5) Appellants shall submit for approval by this Court and if approved, post a corporate surety bond in the sum of $1,000,000, with the following as essential terms: (1) any obligation of Appellants or of the corporate surety shall totally dissolve and be exonerated if this Court sustains Appellants' legal position that the Judgment appealed from was by a court without jurisdiction (subject matter, personal, in rem, or quasi in rem) to issue the Judgment and that there has been no violation of the terms of the stay conditions imposed by this Court; (2) the bond by its terms would be forfeited to Appellees if any monetary relief is sustained as awarded to Appellees under the Judgment appealed from for (i) any compensable harm awarded under the Judgment or (ii) any compensable harm awarded for violation of the Stay Order imposed by this Court; (3) if, and only if, this Court and any higher court of competent jurisdiction sustains the jurisdiction of the court that issued the Judgment from which this appeal is taken (i) over the Appellants because of their legal relationship to the subject property, (ii) or over the subject property, (iii) or over Appellants' conduct on the subject property as restrained or prohibited

6

> by the Judgment; and (4) when approved and posted, shall by its terms remain liable until final mandate is returned to the court from which this appeal is taken affirming or reversing the Judgment from which this appeal is taken.

*Id.*

On July 29, 2019, Plaintiff RMCA filed in this Court the Second Application for an Emergency Order Staying Enforcement of the Rincon Tribal Court Judgment Pending Appeal, on the grounds that the tribal appellate court ruled on the motion to stay the April 2019 Judgment and the motion to reconsider the bond requirement filed by Plaintiff RMCA and Donius, exhausting Plaintiff RMCA's tribal remedies regarding a stay of the April 2019 Judgment pending appeal. *Id.*

On August 2, 2019, Defendants filed a Response in opposition to the Motion. (ECF No. 115).

On May 31, 2019, Plaintiff RMCA filed a Reply in support of the Motion. (ECF No. 116).

## II. DISCUSSION

Plaintiff RMCA seeks an order "staying the Tribal Trial Court Judgment, including staying the Judgment without the requirement of posting a bond," and providing "that the Tribe not be permitted to block the subject property with cement blocks or otherwise." (ECF No. 112 at 4, 25). Plaintiff RMCA contends that tribal remedies with respect to a stay of the April 2019 Judgment have been exhausted because the tribal appellate court has denied Plaintiff RMCA's motion to reconsider the bond condition. Plaintiff RMCA contends that "the requirement of a $1 million bond, or a bond in any amount" is unwarranted according to California law because the April 2019 Judgment provides that the Tribe is entitled to equitable relief and attorney's fees, not money damages. *Id.* at 8. Plaintiff RMCA contends that grounds for a stay exist based on the likelihood that this Court will find in favor of Plaintiff RMCA, the irreparable harm to Plaintiff RMCA and others if the Tribe blocks the entrance to the Property, and the lack of prejudice to the Tribe

7

if the April 2019 Judgment is stayed without the bond. Plaintiff RMCA asserts that paying the bond to stay the April 2019 Judgment "makes no sense" in this case because the bond funds would be released to the Tribe if the tribal appellate court affirms the April 2019 Judgment, even if the litigation subsequently proceeds to federal court review of the claims in this case. *Id.* at 20. Plaintiff RMCA contends that sovereign immunity would prevent Plaintiff RMCA from suing to recover the bond funds.

Defendants contend that the tribal appellate court's conditional stay did not constitute exhaustion of tribal remedies in this case because the stay provides Plaintiff RMCA with an additional option for conducting business pending appeal. Defendants contend that the tribal appellate court properly conditioned the stay on the bond according to the Federal Rules of Civil procedure, and accounting for damage that could be caused if Plaintiff RMCA fails to comply with the other conditions of the stay. Defendants contend that the amount of the bond properly corresponds to the damage that could be caused by Plaintiff RMCA's failure to comply with the other conditions of the stay. Defendants assert that the tribal appellate court heard and rejected the same grounds for relief that Plaintiff RMCA now raises before this Court. Defendants assert that Plaintiff RMCA could prevent the Tribe from blocking access to the Property by complying with the April 2019 Judgment instead of posting the bond. Defendants contend that posting the bond does not preclude Plaintiff RMCA from continuing to challenge tribal jurisdiction in this matter. Defendants contend that the order of the tribal appellate court releases the bond funds to the Tribe only if the Tribe has prevailed on the merits in the tribal appellate court and in federal court.

Generally, if a non-Indian defendant is haled into a tribal court and asserts that the tribal court lacks jurisdiction, the defendant must exhaust tribal remedies before seeking to enjoin the tribal proceeding in federal court. *See Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 855–57 (1985). Even if there is no pending proceeding in tribal court, a non-member plaintiff may not sue in federal court asserting that the tribe lacks regulatory authority over non-member actions taken on non-Indian land within a

8

reservation without exhausting tribal court remedies. *See Burlington N. v. Crow Tribal Council*, 940 F.2d 1239, 1246 (9th Cir. 1991). "Exhaustion is prudential; it is required as a matter of comity, not as a jurisdictional prerequisite." *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004).

This Court has previously ruled, and the Court of Appeals has affirmed, that Plaintiff RMCA must exhaust tribal remedies before seeking relief in federal district court. The Court of Appeals for the Ninth Circuit and the Supreme Court have both held that the exhaustion of tribal remedies includes tribal appellate review on the issue of jurisdiction. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16–17 (1987) ("At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts."); *Allstate Indem. Co. v. Stump*, 191 F.3d 1071, 1073 (9th Cir. 1999) ("Exhaustion of tribal remedies includes tribal appellate review on the question of jurisdiction; thus, federal courts should not intervene until tribal appellate review is complete.").

In this case, exhaustion of tribal remedies requires tribal appellate review of the April 2019 Judgment determining that the Tribe has regulatory jurisdiction over the Property. *See Elliott*, 566 F.3d at 847 ("Until appellate review is complete, the Blackfeet Tribal Courts have not had a full opportunity to evaluate the claim and federal courts should not intervene.") (quoting *Iowa*, 480 U.S. at 16–17). The record demonstrates that tribal appellate review of the April 2019 Judgment is not "complete." *See Elliot*, 566 F.3d at 847. This Court "should not intervene" with respect to the April 2019 Judgment "until tribal appellate review is complete." *See Allstate*, 191 F.3d at 1073. "[T]he orderly administration of justice" is served in this case "by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *See Nat'l Farmers*, 471 U.S. at 856; *cf. Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (noting in the context of federal appellate jurisdiction that "as a general rule a district court's decision is appealable . . . only when

9

the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Based on the record at this stage in the litigation, the Court concludes that Plaintiff RMCA has not exhausted its tribal court remedies. For the reasons stated in the Court's June 3, 2019 and July 26, 2017 Orders, no exception to the exhaustion requirement applies in this case.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Second Application for an Emergency Order Staying the Enforcement of the Rincon Tribal Court Judgment Pending Appeal (ECF No. 112) filed by Plaintiff Rincon Mushroom Corporation of America is DENIED.

Dated: August 14, 2019

Hon. William Q. Hayes
United States District Court