UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>BO MAZZETTI; JOHN CURRIER; VERNON WRIGHT; GILBERT PARADA; STEPHANIE SPENCER; CHARLIE KOLB; DICK WATENPAUGH,<br><br>　　　　　　　　　Defendants. | Case No.: 3:09-cv-02330-WQH-JLB<br><br>**ORDER** |
| RINCON BAND OF LUISENO INDIANS, a federally recognized Indian Tribe,<br><br>　　　　　　　　　Counter-Claimant,<br>v.<br><br>RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,<br><br>　　　　　　　　　Counter-Defendants. | |

RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,

            Third-Party Claimants,

v.

COUNTY OF SAN DIEGO, a public entity; SAN DIEGO GAS & ELECTRIC, a public utility; RINCON BAND OF LUISENO INDIANS, a federally recognized,

            Third-Party Defendants.

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss filed by Third-Party Defendant San Diego Gas & Electric Company (ECF No. 142); the Motion to Dismiss filed by Third-Party Defendant County of San Diego (ECF No. 143); and the Motion to Bifurcate Proceedings filed by Defendant and Counter-Claimant Rincon Band of Luiseno Indians together with Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlie Kolb, Dick Watenpaugh, Tishmall Turner, Steve Stallings, Laurie E. Gonzalez, Alfonso Kolb, Sr., and Melissa Estes (ECF No. 145).

## I.   PROCEDURAL BACKGROUND

    On October 20, 2009, Plaintiff Rincon Mushroom Corporation of America ("RMCA") initiated this action by filing a Complaint. (ECF No. 1). The action concerns tribal regulation of non-Indian fee simple land ("property") located within the boundaries of the reservation of the Rincon Band of Luiseno Indians ("Tribe"). Plaintiff RMCA sued tribal officials Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie

Spencer, Charlies Kolb, and Dick Watenpaugh in their individual and official capacities. *See id.* 2-3.

On September 21, 2010, the Court granted a Motion to Dismiss filed by Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlies Kolb, and Dick Watenpaugh (ECF No. 17) and dismissed the Complaint (ECF No. 1) for failure to exhaust tribal court remedies. (ECF No. 54). The Court of Appeals agreed that Plaintiff RMCA must exhaust tribal remedies on the issue of tribal jurisdiction before bringing suit in federal court. (ECF No. 66). The Court of Appeals reversed the dismissal and remanded with instructions to stay the case pending Plaintiff RMCA's exhaustion of tribal remedies. *See id.* On August 1, 2012, the Court spread the Court of Appeal's Mandate, directed the Clerk of Court to reopen the case, and stayed the case pending the exhaustion of tribal remedies. (ECF No. 65). On June 25, 2015, the Court administratively closed the case "without prejudice to any party to move to reopen, and without prejudice to the resolution of any statute of limitations issue associated with the filing of this complaint." (ECF No. 82 at 3). On July 26, 2017, the Court denied two Motions to Reopen filed by Plaintiff RMCA (ECF Nos. 83, 92) and denied a Request for a Preliminary Injunction filed by Plaintiff RMCA (ECF No. 92). (ECF No. 95).

On April 19, 2019, a tribal court in the Intertribal Court of Southern California ("tribal trial court") issued a Judgment stating that the Tribe has regulatory jurisdiction over the property and that the tribal trial court has jurisdiction over this action ("April 2019 Judgment"). *See* ECF No. 109 at 4 (citing ECF No. 104 at 40). Plaintiff RMCA filed an appeal of the April 2019 Judgment with the Court of Appeal for the Intertribal Court of Southern California ("tribal appellate court"), which stayed enforcement of the April 2019 Judgment until May 22, 2019. *See id.* On May 22, 2019, the tribal trial court denied a

Motion to Stay the April 2019 Judgment filed by Plaintiff RMCA and Marvin Donius.[1] *See id.* at 5 (citing ECF No. 104 at 77).

On April 2, 2020, the tribal appellate court affirmed in part and reversed and remanded in part the April 2019 Judgment. *See* ECF No. 127 at 2. The tribal appellate court affirmed the ruling in the April 2019 Judgment that the Tribe has jurisdiction over the use of the property and affirmed that injunctive relief was appropriate. *See id.* However, the tribal appellate court vacated and remanded the portion of the April 2019 Judgment granting the Tribe injunctive relief with instructions to limit the scope of the injunction on remand. *See id.*

On June 26, 2020, the tribal trial court issued an Amended Judgment to conform with the opinion of the tribal appellate court ("June 2020 Amended Judgment"). *See* ECF No. 134 at 112; ECF No. 136 at 6. Plaintiffs did not file an appeal and the June 2020 Amended Judgment stands as the final judgment of the tribal trial court. *See* ECF No. 134 at 112; ECF No. 136 at 6.

On July 15, 2020, the Court granted the Motion to Reopen filed by Plaintiff RMCA (ECF No. 122), granted the Motion for Leave to File an Amended Complaint filed by Plaintiff RMCA (ECF No. 123), and denied an Ex Parte Motion to Stay Enforcement of the Tribal Court Judgment Permitting the Tribe to Enter Plaintiff's Property to Conduct Testing and Soil and Water Sampling filed by Plaintiff RMCA (ECF No. 128). (ECF No. 131).

On July 17, 2020, Plaintiffs RMCA and Donius filed a First Amended Complaint against the Tribe and Tribal Officials Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlies Kolb, Dick Watenpaugh, Tishmall Turner, Steve Stallings, Laurie E. Gonzalez, Alfonso Kolb Sr., Melissa Estes ("Tribal Officials") in their individual and official capacities. (ECF No. 132). Plaintiffs RMCA and Donius allege

---

[1] The Complaint states that Marvin Donius is Plaintiff RMCA's successor in interest. *See* ECF No. 1 at 3.

that Defendants Tribe and Tribal Officials "have devised and conspired amongst themselves to effectuate a plan and scheme, by fraud and artifice, to acquire by unlawful means Plaintiffs' property, by, among other things, creating and adopting unlawful Tribal environmental ordinances to falsely claim that [Defendant] Tribe has jurisdiction over Plaintiffs' use of their property, and that Plaintiffs are purportedly violating [Defendant] Tribe's environmental ordinances, for the purpose of pressuring and forcing Plaintiff[s] to sell to [Defendant] Tribe their property 'on the cheap,' knowing that their conduct, and the harassing conduct and false claims of the other Defendants herein, of asserting regulatory jurisdiction over the use of Plaintiffs' property would make Plaintiffs' property unmarketable and leave Plaintiffs with no choice but to sell their property to [Defendant] Tribe." *Id.* at 21.

Plaintiffs RMCA and Donius bring the following 14 causes of action: (1) declaratory relief against all Defendants; (2) injunctive relief against all Defendants; (3) intentional interference with prospective economic advantage against Tribal Official Defendants; (4) intentional interference with contractual relations against Tribal Official Defendants; (5) negligent interference with prospective economic advantage against all Defendants; (6) aiding and abetting in intentional interference with prospective economic advantage against Tribal Official Defendants; (7) aiding and abetting in intentional interference with contract against Tribal Official Defendants; (8) civil RICO violations against Tribal Official Defendants; (9) discrimination based on race in violation of 42 U.S.C. § 1981 against Tribal Official Defendants; (10) denial of equal rights concerning real property in violation of 42 U.S.C. § 1982 against Tribal Official Defendants; (11) conspiracy to deprive Plaintiffs of enjoyment of rights secured by law in violation of 42 U.S.C. § 1985(3) against Tribal Official Defendants; (12) violation of civil rights pursuant to 42 U.S.C. § 1983 against Tribal Official Defendants; (13) abuse of process against all Defendants; and (14) trespass against all Defendants. *See id.* at 42-77. Plaintiffs RMCA and Donius request declaratory and injunctive relief; special, compensatory, general, treble, past, and future

damages; attorney's fees, costs, and expenses; and "[s]uch other and further relief as the Court may deem just and proper." *Id*. at 78.

On September 21, 2020, Defendants Tribe and Tribal Officials filed an Answer to Plaintiffs' First Amended Complaint and Defendant Tribe filed a Counterclaim. (ECF No. 134). Defendant Tribe requests "recognition and enforcement of the June 26, 2020 Judgment of the Tribal Court" and "such other and further relief as the Court may deem just and equitable " *Id*. at 113.

On September 29, 2020, Plaintiffs RMCA and Donius filed an Answer to Defendant Tribe's Counterclaim and a Third-Party Complaint against the Tribe, the County of San Diego ("County"), and San Diego Gas & Electric Company ("SDG&E"). (ECF No. 136). Plaintiffs RMCA and Donius allege that Defendant Tribe "ha[s] devised and conspired . . . to effectuate a plan and scheme, by fraud and artifice, to acquire by unlawful means [Plaintiffs]' property, by, among other things, creating and adopting unlawful Tribal environmental ordinances to falsely claim that [Defendant] Tribe has jurisdiction over Plaintiffs' use of their property, and that Plaintiffs are purportedly violating [Defendant] Tribe's environmental ordinances, for the purpose of pressuring and forcing [Plaintiffs] to sell to [Defendant] Tribe their property 'on the cheap,' knowing that [its] conduct of asserting regulatory jurisdiction over the use of [Plaintiffs]' property would make their property unmarketable and leave them with no choice but to sell their property to [Defendant] Tribe." *Id.* at 15. Plaintiffs RMCA and Donius allege that Third-Party Defendant "County . . . assisted [Defendant] Tribe in placing [ ] cement blocks on [Plaintiffs]' property and/or on the County property adjacent to [Plaintiffs]' property so as to block entrance and exit onto [Plaintiffs]' property." *Id.* at 22. Plaintiffs RMCA and Donius allege that Third-Party Defendant "SDG&E refused to restore power to the [ ] property, forcing Plaintiffs to use generators for their power, which [Defendant] Tribe later used against Plaintiffs to support a claim that Plaintiffs' use of power generators was a fire hazard, which gave [Defendant] Tribe the right to regulate Plaintiffs' use of their property." *Id.* at 17-18.

Plaintiffs RMCA and Donius bring the following 12 causes of action: (1) declaratory relief against all Third-Party Defendants; (2) injunctive relief against all Third-Party Defendants; (3) intentional interference with prospective economic advantage against all Third-Party Defendants; (4) intentional interference with contractual relations against all Third-Party Defendants; (5) negligent interference with prospective economic advantage against all Third-Party Defendants; (6) aiding and abetting in intentional interference with prospective economic advantage against all Third-Party Defendants; (7) aiding and abetting in intentional interference with contract against all Third-Party Defendants; (8) denial of equal rights concerning real property in violation of 42 U.S.C. § 1982 against all Third-Party Defendants; (9) conspiracy to deprive Plaintiffs of enjoyment of rights secured by law in violation of 42 U.S.C. § 1985(3) against all Third-Party Defendants; (10) abuse of process against Third-Party Defendant Tribe; (11) trespass against Third-Party Defendants Tribe and County; and (12) violation of the California Public Utilities Code against Third-Party Defendant SDG&E. *See id.* at 22-52. Plaintiffs RMCA and Donius request declaratory and injunctive relief; special, compensatory, general, punitive or exemplary, and past and future damages; attorney's fees, costs, and expenses; and "[s]uch other and further relief as the Court may deem just and proper." *Id*. at 53-54.

On October 30, 2020, Third-Party Defendant SDG&E filed a Motion to Dismiss Plaintiffs' Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 142).[2]  On November 4, 2020, Third-Party Defendant County filed a Motion to Dismiss Plaintiffs' Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 143).[3] On November 10, 2020,

---

[2] Third-Party Defendant SDG&E requests the Court to take judicial notice of three facts in support of Third-Party Defendant SDG&E's Motion to Dismiss (ECF No. 142). *See* ECF No. 142-3. The Court has not considered these facts in resolving this Order.

[3] Third-Party Defendant County requests the Court to take judicial notice of three facts in support of Third-Party Defendant County's Motion to Dismiss (ECF No. 143). *See* ECF No. 143-2. The Court has not considered these facts in resolving this Order.

Defendants Tribe and Tribal Officials filed a Motion to Bifurcate Proceedings pursuant to Federal Rule of Civil Procedure 42(b). (ECF No. 145).

On November 18, 2020, Plaintiffs RMCA and Donius filed a Response in opposition to Third-Party Defendant SDG&E's Motion to Dismiss. (ECF No. 147).[4] On November 30, 2020, Third-Party Defendant SDG&E filed a Reply in support of its Motion to Dismiss. (ECF No. 148). On the same day, Plaintiffs RMCA and Donius filed a Response in opposition to Third-Party Defendant County's Motion to Dismiss (ECF No. 149)[5] and a Response in opposition to Defendants Tribe and Tribal Officials' Motion to Bifurcate Proceedings (ECF No. 150)[6]. On December 7, 2020, Defendants Tribe and Tribal Officials filed a Reply in support of their Motion to Bifurcate Proceedings (ECF No. 151) and a Response in opposition to Plaintiffs' Request for Judicial Notice (ECF No. 152). On the same day, Third-Party Defendant County filed a Reply in support of its Motion to Dismiss (ECF No. 153) and a Response in opposition to Plaintiffs' Request for Judicial Notice (ECF No. 154).

## II. CONTENTIONS OF THE PARTIES

Defendants Tribe and Tribal Officials request an order

1. bifurcating the litigation to first address Plaintiffs['] . . . claim, and the Tribe's Counter-claim, regarding the recognition and enforcement of the Judgment of the Rincon Tribal Court regarding activities under [Plaintiffs]' control on certain lands owned and controlled by Plaintiff Marvin Donius;

2. staying Discovery in this matter and in its place, establishing a process and timeline to determine the Record of the Tribal Court Proceedings;

---

[4] Plaintiffs RMCA and Donius requests the Court to take judicial notice of seven exhibits (ECF No. 147-2 at 6-144) in support of Plaintiffs' Response in opposition (ECF No. 147). *See* ECF No. 147-1. The Court has not considered these exhibits in resolving this Order.

[5] Plaintiffs RMCA and Donius requests the Court to take judicial notice of five exhibits (ECF No. 149-3 at 6-61) in support of Plaintiffs' Response in opposition (ECF No. 149). *See* ECF No. 149-2. The Court has not considered these exhibits in resolving this Order.

[6] Plaintiffs RMCA and Donius requests the Court to take judicial notice of seven exhibits (ECF No. 150-2 at 6-83) in support of Plaintiffs' Response in opposition (ECF No. 150). *See* ECF No. 150-1. The Court has not considered these exhibits in resolving this Order.

    3. excusing the parties and counsel from participating in the Early Neutral Evaluation Conference; and

    4. suspending scheduling of the remaining matters pending resolution of the first phase of the bifurcated proceedings.

(ECF No. 145-1 at 8-9). Defendants Tribe and Tribal Officials contend that all of the traditional prudential and legal justifications for bifurcation are present in this case. Defendants Tribe and Tribal Officials contend that all remaining claims against all Defendants fail if this Court determines that Defendant Tribe has jurisdiction over Plaintiffs' activities on the property because all of Plaintiff' claims require a finding that Defendant Tribe lacks such jurisdiction. Defendants Tribe and Tribal Officials contend that bifurcation permits deferral of costly and unnecessary proceedings if tribal jurisdiction is upheld in the initial phase. Defendants Tribe and Tribal Officials contend that bifurcation could eliminate the need to resolve issues of tribal sovereign immunity, official immunity, res judicata, collateral estoppel, and whether Defendant Tribe's immunity prohibits Plaintiffs' third-party claims against Third-Party Defendants SDG&E and County. Defendants Tribe and Tribal Officials contend that this Court should utilize the tribal trial court's record in determining whether to recognize the June 2020 Amended Judgment. Defendants Tribe and Tribal Officials contend that discovery should be stayed, that all parties should be excused from participating in the early neutral evaluation conference, and that all other matters should be stayed including rule 26 disclosures.

    Plaintiffs contend that bifurcation would be inappropriate and not promote judicial economy because the jurisdictional and substantive issues in this case intertwine and overlap. Plaintiffs contend that June 2020 Amended Judgment cannot be recognized or enforced if the tribal trial court had no jurisdiction or failed to provide adequate due process to Plaintiffs. Plaintiffs contend that the issue of due process forms the basis of the allegations against the tribal parties in the First Amended Complaint and the Third-Party Complaint. Plaintiffs contend that the triable issues of fact that the tribal parties assert as the basis for their regulatory jurisdiction claims are the same substantive facts Plaintiffs

rely on for their claims against the tribal parties and Third-Party Defendants SDG&E and County in the First Amended Complaint and the Third-Party Complaint. Plaintiffs contend that bifurcating these issues would result in duplicative discovery, duplicative presentation of evidence, litigation of the same issues, and duplicative trials. Plaintiffs contend that the issue of regulatory jurisdiction cannot be decided solely on the tribal trial court's record. Plaintiffs contend that discovery should not be stayed and that the early neutral evaluation conference should be calendared. Plaintiffs contend that no parties will be prejudiced if bifurcation is denied.

### III. RULING OF THE COURT

Federal Rule of Civil Procedure 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). "Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

The June 2020 Amended Judgment states that "there is no liability attached to any of the named Defendants or the Tribes related organizations: JUDGEMENT FOR THE DEFENDANTS[.]" (ECF No. 134-1 at 9). The June 2020 Amended Judgment states that "[o]n Rincon's counter-claim against RMCA/Donius whereby Rincon sues Marvin Donius as an individual and Rincon Mushroom Corporation of America, a California Corporation, the Court finds clearly Rincon has met its burden of proof justifying its actions in this case." *Id*. The June 2020 Amended Judgment states, in relevant part,

> In order to proceed with any development or use of the property, RMCA/Donius shall comply, at a minimum, with those laws and regulations of the Rincon Tribe which are designated by the RED as necessary to protect tribal interests, and in the absence of such tribal laws and/or regulations relevant to any development or use of the property, RMCA/Donius shall

comply with the Uniform Building Code, and San Diego County Code of Administrative Ordinances, Article XXII Department of Planning and Development Services, San Diego County Code of Regulatory Ordinances, Title 9, Construction Codes and Fire Code, and California state statutes California Health and Safety Code, Division 12, Fires and Fire Protection, Chapter 1, General Provisions, State Building Standards Cods, and applicable implementing and any other state or county environmental laws and regulations applicable to development or use of the property, as if such laws and regulations directly applied to the property. Nothing herein shall be construed as depriving RMCA/Donius of the pre-approved plan option set forth in Section 8.313(a)_of the REEO, as then in effect.

RMCA/Donius shall provide the Rincon Tribe with reasonable access to the property to allow the Rincon Tribe and its designated experts to conduct any necessary tests or inspections of the property, including water and surface conditions, to determine the impacts which any conditions or activities on the property may have on the Rincon Tribe's economic safety, health and general welfare. The Rincon Tribe shall access the property in a manner that does not unreasonably interfere with ongoing activities on the property. Seventy-two (72) hours' prior notice by the Rincon Tribe of its intent to conduct tests or inspections shall be considered to be presumptively reasonable unless otherwise ordered by this Court. In the event RMCA/Donius file a motion in this Court objecting to the reasonableness of notice, access to the property by the Rincon Tribe shall be stayed until this Court rules on such motion, or thirty days, whichever is shorter.

RMCA/Donius shall bear all reasonable expenses related to the initial inspection and analysis. The Tribe shall use best efforts to use data already obtained in connection with this litigation related to necessary testing and inspections and analysis.

If any "clean up" of the property is required, the RED shall set a cleanup plan in place, provide a copy of the cleanup plan to RMCA/Donius and to the Court, and provide fourteen (14) days' notice to RMCA/Donius prior to initiating the cleanup plan. RMCA/Donius shall bear all costs related to the development and implementation of the cleanup plan.

RMCA/Donius shall immediately remove all fuels, hazardous wastes and septage from the property and shall discontinue all activities that include fuels, hazardous wastes or septage. Specifically, such fluids and materials shall be removed from all inoperable vehicles, trailers and other equipment in

compliance with procedures for the removal and disposal of such fluids and materials specified in the San Diego County Hazardous Materials Business Plan (HMBP), or alternatively, such vehicles, trailers and other equipment shall be removed from the property in compliance with the County HMBP. The future use or storage of fuels, hazardous wastes and septage on the property shall be done in compliance with, at a minimum, those laws and regulations of the Rincon Tribe which are designated by the RED as necessary to protect tribal interests . . . .

. . . .

RMCA/Donius shall also remove from the property any petroleum or diesel fuel contained in inoperable vehicles, trailers and other equipment that may be on the property. In the event RCMA/Donius are unable to bring an activity or personal property into compliance with the standards, RMCA/Donius shall cease such activity and/or remove such personal property from the subject property.

. . . .

RMCA/Donius shall immediately remove all combustible materials from the property, including fuel, wood and debris, wooden pallets, and shall discontinue all activities that include such combustible materials. The future use or storage of combustible materials on the property shall be done in compliance with, at a minimum, those laws and regulations of the Rincon Tribe which are designated by the RED as necessary to protect tribal interests in consultation with the Rincon Fire Department and cooperative agreements in effect between the Rincon Tribe and California Department of Forestry and Fire Protection . . . .

. . . .

The Rincon Tribe shall allow SDG&E to provide electrical power to the property in an amount sufficient to sustain current activities on the property, and in a manner that is otherwise in compliance in all respects with applicable SDG&E rules, protocols and regulations and existing agreements between the Rincon Tribe and SDG&E. Construction of any future improvements to SDG&E infrastructure is subject to Tribal approval, which will not be unreasonably withheld.

*Id*. at 9-12, 14, 17.

"The question of tribal court jurisdiction is a federal question of law . . . ." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1130 (9th Cir. 2006) (citing *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 852-53 (1985); *FMC v. Shoshone-Bannock Tribes*, 905 F.2d 1311, 1314 (9th Cir. 1990)). Adjudication of whether to recognize and enforce the June 2020 Amended Judgment would materially advance the resolution of the entire litigation, including all other claims against all other Defendants, and would eliminate or limit the process of discovery. The Court concludes that bifurcation would "defer[ ] costly and possibly unnecessary proceedings pending resolution of [the] potentially dispositive preliminary issue[]" of whether to recognize and enforce the June 2020 Amended Judgment. *Zivkovic*, 302 F.3d at 1088.

IT IS HEREBY ORDERED that the Motion to Bifurcate Proceedings filed by Defendant and Counter-Claimant Rincon Band of Luiseno Indians together with Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlie Kolb, Dick Watenpaugh, Tishmall Turner, Steve Stallings, Laurie E. Gonzalez, Alfonso Kolb, Sr., and Melissa Estes (ECF No. 145) is GRANTED. The Court will first address Plaintiffs Rincon Mushroom Corporation of America and Marvin Donius' claim and Defendant and Counter-Claimant Rincon Band of Luiseno Indians' counter-claim, regarding the recognition and enforcement of the Judgment of the Rincon Tribal Court regarding activities under Plaintiffs' control on certain lands owned and controlled by Plaintiff Marvin Donius. Discovery in this matter is stayed.

IT IS FURTHER ORDERED that the parties shall file a joint motion to establish a process and timeline to determine the record and to set a schedule for the filing of cross-motions for summary judgment within 30 days of this Order. The parties have leave to file separate pleadings for any issue upon which the parties cannot agree.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Third-Party Defendant San Diego Gas & Electric Company (ECF No. 142) and the Motion to Dismiss filed by Third-Party Defendant County of San Diego (ECF No. 143) are DENIED without

prejudice and with leave to refile within 30 days after the Court's order resolving the cross-motions for summary judgment.

Dated: March 18, 2021

Hon. William Q. Hayes
United States District Court