UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,<br><br>  Plaintiffs,<br><br>v.<br><br>BO MAZZETTI; JOHN CURRIER; VERNON WRIGHT; GILBERT PARADA; STEPHANIE SPENCER; CHARLIE KOLB; DICK WATENPAUGH; TISHMALL TURNER; STEVE STALLINGS; LAURIE E. GONZALEZ; ALFONSO KOLB, SR.; MELISSA ESTES; and RINCON BAND OF LUISEÑO INDIANS, a federally recognized Indian Tribe,<br><br>  Defendants. | Case No.: 3:09-cv-02330-WQH-JLB<br><br>**ORDER** |
| RINCON BAND OF LUISEÑO INDIANS, a federally recognized Indian Tribe,<br><br>  Counter-Claimant,<br><br>v.<br><br>RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,<br><br>  Counter-Defendants. | |

RINCON MUSHROOM CORPORATION OF AMERICA, a California Corporation; and MARVIN DONIUS, a California resident,

            Third-Party Claimants,

v.

COUNTY OF SAN DIEGO, a public entity; SAN DIEGO GAS & ELECTRIC, a public utility; RINCON BAND OF LUISEÑO INDIANS, a federally recognized Indian Tribe,

            Third-Party Defendants.

HAYES, Judge:

The matters before the Court are the Motions to Dismiss the Third-Party Complaint filed by San Diego Gas & Electric ("SDG&E") (ECF No. 186), Rincon Band of Luiseno Indians (the "Tribe") (ECF No. 188), and County of San Diego (the "County") (ECF No. 189), and the Motion for Entry of Judgment filed by Rincon Mushroom Corporation of America, Inc. and Marvin Donius (collectively "RMCA/Donius") (ECF No. 187).

## I. PROCEDURAL BACKGROUND

On October 20, 2009, Plaintiff RMCA initiated this action by filing a Complaint bringing twelve causes of action against Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlie Kolb, Dick Watenpaugh, and unnamed Does, in their personal and official capacities as representatives of the Tribe. (ECF No. 1). The Complaint alleged that Defendants and the Tribe conspired to regulate activity on a five-acre parcel of land owned by RMCA/Donius (the "Property") located within the outer boundaries of the Tribe's reservation, with the goal of devaluing the Property so that the Tribe could purchase it at a discount. The Complaint sought damages, costs and attorneys'

fees, and declaratory and injunctive relief denying the Tribe regulatory and adjudicative authority over RMCA and the Property.

On September 21, 2010, the Court issued an Order requiring RMCA to exhaust its remedies in tribal court prior to litigating the action in this Court. (ECF No. 54). Litigation in the tribal court system concluded when the Rincon Trial Court entered an Amended Judgment in favor of the Tribe on June 26, 2020. (*See* ECF No. 160-8 at 188).

On April 22, 2020, RMCA filed a Motion to Reopen Case in this Court on the basis that it had exhausted its tribal remedies. (ECF No. 122). RMCA also filed a Motion for Leave to File First Amended Complaint. (ECF No. 123). On July 15, 2020, the Court issued an Order granting both motions. (ECF No. 131). On July 17, 2020, RMCA/Donius filed a First Amended Complaint ("FAC"), alleging fourteen causes of action against the Tribe and various tribal officials. (ECF No. 132). On September 21, 2020, Defendants filed an Answer to the FAC, and the Tribe filed a counterclaim requesting "recognition and enforcement of the June 26, 2020 [Amended] Judgment of the Tribal Court." (ECF No. 134 at 113).

On September 29, 2020, RMCA/Donius filed an Answer to the Tribe's counterclaim and a Third-Party Complaint ("TPC") against SDG&E, the Tribe, and the County. (ECF No. 136). The TPC alleges that the Tribe "create[ed] and adopt[ed] unlawful Tribal environmental ordinances to falsely claim that the Tribe has jurisdiction over [RMCA/Donius'] use of their property, and that [RMCA/Donius] are purportedly violating the Tribe's environmental ordinances, for the purpose of pressuring and forcing RMCA/Donius to sell to the Tribe their property 'on the cheap.'" (*Id.* ¶ 8). The TPC alleges that SDG&E and the County "conspired" with the Tribe by, respectively, "refus[ing] to restore power" to the Property and "assist[ing] the [ ] Tribe in placing [ ] cement blocks on RMCA/Donius' property and/or on the County property adjacent to RMCA/Donius' property so as to block entrance and exit onto RMCA/Donius' property." (*Id.* ¶¶ 16, 28, 63).

RMCA/Donius bring the following twelve causes of action in the TPC: (1)

declaratory relief against all Third-Party Defendants; (2) injunctive relief against all Third-Party Defendants; (3) intentional interference with prospective economic advantage against all Third-Party Defendants; (4) intentional interference with contractual relations against all Third-Party Defendants; (5) negligent interference with prospective economic advantage against all Third-Party Defendants; (6) aiding and abetting in intentional interference with prospective economic advantage against all Third-Party Defendants; (7) aiding and abetting in intentional interference with contract against all Third-Party Defendants; (8) denial of equal rights concerning real property in violation of 42 U.S.C. § 1982 against all Third-Party Defendants; (9) conspiracy to deprive Plaintiffs of enjoyment of rights secured by law in violation of 42 U.S.C. § 1985(3) against all Third-Party Defendants; (10) abuse of process against the Tribe; (11) trespass against the Tribe and the County; and (12) violation of the California Public Utilities Code against SDG&E. RMCA/Donius request declaratory and injunctive relief; special, compensatory, general, punitive or exemplary, and past and future damages; and attorney's fees, costs, and expenses.

On March 18, 2021, the Court issued an Order bifurcating the proceedings to first address RMCA/Donius' and the Tribe's claims and counterclaim regarding the recognition and enforcement of the Amended Judgment of the Rincon Trial Court, before addressing the third-party claims contained in the TPC. (ECF No. 155). On March 16, 2022, the Court issued an Order granting summary judgment in favor of Defendants and against RMCA/Donius, and recognizing and enforcing the Amended Judgment of the Rincon Trial Court (the "Summary Judgment Order"). (ECF No. 176).

On June 3, June 6, and June 10, 2022, SDG&E, the Tribe, and the County filed respective Motions to Dismiss the TPC. (ECF Nos. 186, 188, 189).

On June 6, 2022, RMCA/Donius filed a Motion for Entry of Judgment, requesting that the Court enter judgment with respect to the claims and counterclaim adjudicated in the Summary Judgment Order and stay further proceedings. (ECF No. 187).

On June 23, July 5, and July 11, 2022, RMCA/Donius filed Responses in opposition

to the respective Motions to Dismiss the TPC. (ECF Nos. 190, 196, 197).

On June 24, 2022, Defendants filed a Response in opposition to the Motion for Entry of Judgment. (ECF No. 192).

On June 27, July 11, and July 12, 2022, SDG&E, the County, and the Tribe filed Replies in support of their respective Motions to Dismiss the TPC. (ECF Nos. 193, 198, 200).

On July 5, 2022, RMCA/Donius filed a Reply in support of their Motion for Entry of Judgment. (ECF No. 195).

## II.  MOTIONS TO DISMISS THE TPC

The Tribe and the County each contend that the TPC should be dismissed because it does not comply with Rule 14 of the Federal Rules of Civil Procedure. The Tribe contends that the TPC is improper because the Tribe is already a party to the action. The County contends that the TPC is improper because "[t]he TPC does not allege that the County is liable for any liability asserted in a claim against [Third-Party Plaintiffs]." (ECF No. 189-1 at 7). Third-Party Defendants further contend that the TPC should be dismissed for failure to state a claim. RMCA/Donius contend that the claims in the TPC are well-pleaded.

Rule 14 of the Federal Rules of Civil Procedure governs the filing of third-party complaints. Under Rule 14(a), "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A plaintiff is considered a "defending party" for the purpose of Rule 14(a) when a claim, such as a counterclaim, is asserted against the Plaintiff. *See id.* 14(b) ("When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.").

In this case, the Tribe asserted a counterclaim against RMCA/Donius requesting "recognition and enforcement of the June 26, 2020 [Amended] Judgment of the Tribal Court" on September 21, 2022. (ECF No. 134 at 113). On September 29, 2020, RMCA/Donius filed an Answer to the Tribe's counterclaim and the TPC. (*See* ECF No. 136).

      RMCA/Donius were "defending parties" at the time they filed the TPC due to the existence of the Tribe's counterclaim against RMCA/Donius. However, the third-party claims against the Tribe are facially improper because the Tribe was a party to the existing action. The claims in the TPC against SDG&E and the County do not attempt to transfer RMCA/Donius' liability on the Tribe's counterclaim to Third-Party Defendants through a theory of indemnification, subrogation, breach of warranty, contribution, or in any other way. *See Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) ("The crucial characteristic of a Rule 14 claim is that [defending party] is attempting to transfer to the third-party defendant the liability asserted against him …. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.") (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). The Court concludes that the TPC does not comply with Rule 14 because it does not allege claims against nonparties who are or may be liable to RMCA/Donius for all or part of the Tribe's counterclaim.

      Although the TPC is improper, courts are instructed to "construe, administer, and employ" the Federal Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Pursuant to this directive, some district courts have construed defendants' improper third-party complaints as counterclaims. *See, e.g., Transcontinental Corp. v. Hyde*, No. 2:08-cv-00805-RCJ-RJJ, 2009 WL 10710118, at *4-6 (D. Nev. June 23, 2009); *Comtel Tech., Inc. v. Paul H Schwendener, Inc.*, No. 04 C 3879, 2005 WL 433327, at *13 (N.D. Ill. Feb. 22, 2005). *But see Trailers Int'l LLC v. Mastercraft Tools Fl., Inc.*, No. 3:15-cv-00171-MO, 2017 WL 11510076, at *4 (D. Or. July 7, 2017) (striking improper third-party complaint despite "recogniz[ing] that re-captioning an improperly-labeled third-party complaint might, in some instances, conserve judicial resources"). To address the merits of the claims in the TPC, the Court would have to construe the TPC as an amended complaint brought pursuant to Rule 15 because RMCA/Donius are the plaintiffs in the underlying action and SDG&E

and the County are not parties. However, two factors counsel against construing the TPC as an amended complaint in this case.

First, construing the TPC as an amended complaint would void allegations contained in the FAC. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating that it is "well-established" that "an amended pleading supersedes the original pleading" and that the original pleading is thereafter treated as non-existent). Although the TPC purports to incorporate by reference certain allegations contained in the FAC, it does not identify which specific allegations are incorporated. (*See* ECF No. 136 ¶ 4 ("RMCA/Donius reallege the allegations set forth in their [FAC] against the [ ] Tribe and incorporate those allegations by reference in this Third-Party Claim against the [ ] Tribe.")). This use of incorporation by reference will cause confusion regarding the allegations that are legally operative, and does not comply with Civil Local Rule 15.1. *See* S.D. Cal. Civ. Local Rule 15.1 ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading.").

Second, amendment of the FAC requires leave of Court because RMCA/Donius have already amended their complaint once as a matter of course and have not obtained Defendants' consent to amend. *See* Fed. R. Civ. P. 15(a)(2). RMCA/Donius have not requested leave to amend the FAC and the parties have not had an opportunity to brief the propriety of adding claims and parties at this late stage in the litigation. *Cf. Transcontinental Corp.*, 2009 WL 10710118, at *6 (construing improper third-party complaint as a supplemental counterclaim in part because "a motion for leave [to amend] was not required" in that case). The importance of the parties' opportunity to be heard on the issue of amendment weighs against construing the TPC as an amended complaint.

The Court concludes that construing RMCA/Donius' improper TPC as an amended complaint would not serve the interests of justice in this case. Third-Party Defendants'

Motions to Dismiss the TPC are granted.[1]

## III.     MOTION FOR ENTRY OF JUDGMENT

RMCA/Donius request that the Court enter judgment on the claims adjudicated in the Summary Judgment Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and stay further proceedings. RMCA/Donius contend that "certification will not entail unnecessary appellate review because the summary judgment order … was based on unique jurisdictional grounds." (ECF No. 187 at 7). RMCA/Donius contend that the adjudicated claims "are distinct and independent of" the claims in the TPC. (*Id.*). RMCA/Donius contend that further proceedings would not moot appellate review and would not require the Court of Appeals to decide the same issues more than once. RMCA/Donius contend that Defendants will not face any prejudice from an immediate appeal. RMCA/Donius contend that "if this Court does dismiss with prejudice the Third-Party Complaint in its entirety in the near future, it should proceed to enter final judgment in the entire action as to all parties and claims, allowing for an immediate appeal, and deny this Rule 54(b) motion as moot." (ECF No. 195 at 6).

Defendants contend "[t]he prudential path forward is for this Court to enter final judgment in favor of [Defendants and Third-Party Defendants] on all claims, and to allow for a single appeal … which if affirmed, will avoid the need for further proceedings on remand." (ECF No. 192 at 4). Defendants contend that allowing an interlocutory appeal "will result in a waste of judicial resources and the resources of the parties, will result in piecemeal appeals, and will leave remaining claims that are logically related to the claims in the interlocutory appeal, both from a factual and legal standpoint." (*Id.* at 7).

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … if the

---

[1] The Court does not address Third-Party Defendants' alternative arguments in support of dismissal. Accordingly, the parties' requests for judicial notice (*see* ECF Nos. 186-3, 189-2, 190-2, 197-2) are denied as unnecessary to this Order.

> court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ….

Fed. R. Civ. P. 54(b). To direct entry of a final judgment, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8. This is a determination that is "left to the sound discretion of the district court." *Id.* "Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments … a district court must take into account judicial administrative interests as well as the equities involved." *Id.*

RMCA/Donius request entry of final judgment as to the claims and counterclaim in this action. The Court granted summary judgment in favor of Defendants on these claims. (*See* ECF No. 176). The Court finds that the Summary Judgment Order is a final judgment because it represents an ultimate disposition of cognizable claims. *See Curtiss-Wright Corp.*, 446 U.S. at 7 (stating that a final judgment "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." (quotation omitted)); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting a motion for summary judgment is final ….").

However, there are no unresolved claims in the action—all claims and counterclaims have been adjudicated and the claims in the TPC have been dismissed. In the absence of any pending claims, interlocutory appeal is improper. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (stating that in determining whether to grant a Rule 54(b) motion, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated"). RMCA/Donius' Motion for Entry of Judgment is denied.

///
///
///

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss the Third-Party Complaint filed by San Diego Gas & Electric (ECF No. 186), Rincon Band of Luiseno Indians (ECF No. 188), and County of San Diego (ECF No. 189) are granted.

IT IS FURTHER ORDERED that the Motion for Entry of Judgment (ECF No. 187) is denied.

IT IS FURTHER ORDERED that any motion for leave to amend the First Amended Complaint shall be filed no later than thirty (30) days from the date of this Order. If no motion is filed, the Court will enter judgment.

Dated: August 8, 2022

Hon. William Q. Hayes
United States District Court