UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RINCON MUSHROOM
CORPORATION OF AMERICA, a
California Corporation; and MARVIN
DONIUS, a California resident,

Plaintiffs,

v.

BO MAZZETTI; JOHN CURRIER;
VERNON WRIGHT; GILBERT
PARADA; STEPHANIE SPENCER;
CHARLIE KOLB; DICK
WATENPAUGH; TISHMALL
TURNER; STEVE STALLINGS;
LAURIE E. GONZALEZ; ALFONSO
KOLB, SR.; MELISSA ESTES; and
RINCON BAND OF LUISEÑO
INDIANS, a federally recognized Indian
Tribe,

Defendants.

RINCON BAND OF LUISEÑO
INDIANS, a federally recognized Indian
Tribe,

Counter-Claimant,

v.

RINCON MUSHROOM
CORPORATION OF AMERICA, a
California Corporation; and MARVIN
DONIUS, a California resident,

Counter-Defendants.

Case No.: 3:09-cv-02330-WQH-JLB

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended Complaint filed by Plaintiffs/Counter-Claimants Rincon Mushroom Corporation of America ("RMCA") and Marvin Donius. (ECF No. 204.)

## I.   PROCEDURAL BACKGROUND

On October 20, 2009, RMCA initiated this action by filing a Complaint bringing twelve causes of action against Defendants Bo Mazzetti, John Currier, Vernon Wright, Gilbert Parada, Stephanie Spencer, Charlie Kolb, Dick Watenpaugh, and unnamed Does, in their personal and official capacities as representatives of the Rincon Band of Luiseno Indians (the "Tribe"). (ECF No. 1.) The Complaint alleged that Defendants and the Tribe conspired to regulate activity on a five-acre parcel of land owned by Plaintiffs (the "Property") located within the outer boundaries of the Tribe's reservation, with the goal of devaluing the Property so that the Tribe could purchase it at a discount. The Complaint sought damages, costs and attorneys' fees, and declaratory and injunctive relief denying the Tribe regulatory and adjudicative authority over RMCA and the Property.

On September 21, 2010, the Court issued an Order requiring RMCA to exhaust its remedies in tribal court prior to litigating the action in this Court. (ECF No. 54.) Litigation in the tribal court system concluded when the Rincon Trial Court entered an Amended Judgment in favor of the Tribe on June 26, 2020. (*See* ECF No. 160-8 at 188.)

On April 22, 2020, RMCA filed a Motion to Reopen Case in this Court on the basis that it had exhausted its tribal remedies. (ECF No. 122.) RMCA also filed a Motion for Leave to File First Amended Complaint. (ECF No. 123.) On July 15, 2020, the Court issued an Order granting both motions. (ECF No. 131.) On July 17, 2020, Plaintiffs filed a First Amended Complaint ("FAC"), alleging fourteen causes of action against the Tribe and various tribal officials. (ECF No. 132.) On September 21, 2020, Defendants filed an Answer to the FAC, and the Tribe filed a counterclaim requesting "recognition and enforcement of the June 26, 2020 [Amended] Judgment of the Tribal Court." (ECF No. 134 at 113.)

On September 29, 2020, Plaintiffs filed an Answer to the Tribe's counterclaim and a Third-Party Complaint ("TPC") against San Diego Gas & Electric ("SDG&E"), the Tribe, and the County of San Diego (the "County"). (ECF No. 136.) The TPC alleged that the Tribe "create[ed] and adopt[ed] unlawful Tribal environmental ordinances to falsely claim that the Tribe has jurisdiction over Plaintiffs' use of their property, and that Plaintiffs are purportedly violating the Tribe's environmental ordinances, for the purpose of pressuring and forcing [Plaintiffs] to sell to the Tribe their property 'on the cheap.'" *Id.* ¶ 8. The TPC alleged that SDG&E and the County "conspired" with the Tribe by, respectively, "refus[ing] to restore power" to the Property and "assist[ing] the [ ] Tribe in placing [ ] cement blocks on [Plaintiffs'] property and/or on the County property adjacent to [Plaintiffs'] property so as to block entrance and exit onto [Plaintiffs'] property." *Id.* ¶¶ 16, 28, 63. The TPC brought the following causes of action: (1) declaratory relief against all Third-Party Defendants; (2) injunctive relief against all Third-Party Defendants; (3) intentional interference with prospective economic advantage against all Third-Party Defendants; (4) intentional interference with contractual relations against all Third-Party Defendants; (5) negligent interference with prospective economic advantage against all Third-Party Defendants; (6) aiding and abetting in intentional interference with prospective economic advantage against all Third-Party Defendants; (7) aiding and abetting in intentional interference with contract against all Third-Party Defendants; (8) denial of equal rights concerning real property in violation of 42 U.S.C. § 1982 against all Third-Party Defendants; (9) conspiracy to deprive Plaintiffs of enjoyment of rights secured by law in violation of 42 U.S.C. § 1985 against all Third-Party Defendants; (10) abuse of process against the Tribe; (11) trespass against the Tribe and the County; and (12) violation of the California Public Utilities Code against SDG&E.

On March 18, 2021, the Court issued an Order bifurcating the proceedings to first address Plaintiffs' and the Tribe's claims and counterclaim regarding the recognition and enforcement of the Amended Judgment of the Rincon Trial Court, before addressing the third-party claims contained in the TPC. (ECF No. 155.) On March 16, 2022, the Court

1  issued an Order granting summary judgment in favor of Defendants and against Plaintiffs,

2  and recognizing and enforcing the Amended Judgment of the Rincon Trial Court. (ECF

3  No. 176.)

4        On June 3, June 6, and June 10, 2022, SDG&E, the Tribe, and the County filed

5  respective Motions to Dismiss the TPC. (ECF Nos. 186, 188, 189.) On August 8, 2022, the

6  Court issued an Order granting the Motions to Dismiss the TPC on the basis that SDG&E,

7  the Tribe, and the County were improper Third-Party Defendants. (ECF No. 202.) The

8  Court declined to construe the TPC as a second amended complaint and required Plaintiffs

9  to file any motion for leave to amend the FAC within thirty days.

10       On August 26, 2022, Plaintiffs filed the Motion for Leave to File Second Amended

11  Complaint. (ECF No. 204.) The proposed second amended complaint ("Proposed SAC")

12  adds SDG&E and the County as defendants and largely incorporates the claims previously

13  alleged in the TPC. On September 16 and September 19, 2022, SDG&E, the County, and

14  the Tribe filed respective Responses in opposition to the motion. (ECF Nos. 205-207.) On

15  September 26, 2022, Plaintiffs filed Replies. (ECF Nos. 210-212.)

16  **II.   LEGAL STANDARD**

17       Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be

18  freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied

19  with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

20  Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

21  712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should

22  consider when deciding whether to grant leave to amend: "undue delay, bad faith or

23  dilatory motive on the part of the movant, repeated failure to cure deficiencies by

24  amendments previously allowed, undue prejudice to the opposing party by virtue of

25  allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178,

26  182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

27  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

28  *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of

showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.   CONTENTIONS

Plaintiffs contend that "there can be no showing of bad faith or dilatory motive because Plaintiffs are complying with this Court's determination of a procedural error in their pleading of certain claims … as third-party claims." (ECF No. 204-1 at 13.) Plaintiffs contend that they were unable to amend the complaint during the pendency of litigation in tribal court and "immediately named SDG&E, the County and the Tribe" when this case was reopened. (ECF No. 211 at 6.) Plaintiffs contend that the opposing parties had notice that claims could be filed against them as early as 2009. Plaintiffs contend that there is no "undue prejudice because the substance of the claims alleged and the relief sought is substantially the same as alleged in [the TPC]." (ECF No. 204-1 at 13.) Plaintiffs contend that the causes of action in the Proposed SAC are well pleaded.

SDG&E contends that Plaintiffs engaged in undue delay because Plaintiffs were aware of the facts forming "the gravamen of the alleged wrongful conduct" in 2007 but "failed to include SDG&E" in the original 2009 Complaint and "failed to add SDG&E" in filing the 2020 FAC. (ECF No. 205 at 11.) SDG&E contends that the "significant and unexplained delay is not only unjustified but substantially prejudicial to SDG&E" because "memories have faded and individuals with knowledgeable information are no longer available." *Id.* at 12. SDG&E further contends that amendment is futile and unduly burdensome.

The County contends that Plaintiffs "have known about the regulatory jurisdiction issues with the County—the gravamen of their [P]roposed SAC—since before 2009 when the lawsuit was filed" and "could have included the County as a defendant in the original 2009 [C]omplaint" or "add[ed] the County as a defendant" when Plaintiffs filed the FAC in 2020. (ECF No. 206 at 12-13.) The County contends that it will be "substantially

prejudiced" by amendment because "[l]ocating any relevant evidence from 15 years ago will be difficult" and several individuals with relevant information "left County employment long ago." *Id.* at 14. The County further contends that amendment is futile.

The Tribe contends that "[a]ll of the factors justifying denial of leave to amend are present here, and [ ] joins in the arguments presented by [SDG&E and the County]." (ECF No. 207 at 10.) The Tribe further contends that amendment is futile.

## IV.   DISCUSSION

### A. Undue Delay

"Undue delay" refers to whether the party filing the motion for leave to amend "unduly delayed in filing their motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.*; *see also S.F. Herring Assoc. v. Dep't of the Interior*, 946 F.3d 564, 582 (9th Cir. 2019) ("We have explained that '[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" (quoting *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (alteration in original))). "[T]he 'discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint.'" *S.F. Herring Assoc.*, 946 F.3d at 582 (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Courts may also look to whether "permitting an amendment would … produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387.

The allegations that the proposed defendants "acted unlawfully in interfering with Plaintiffs' rights to the use and enjoyment of their Property, including but not limited to banning all legitimate business activity on the Property, blocking access to and from the Property, and refusing to restore power to the Property," form the factual core of the proposed claims.  (Proposed SAC ¶ 43, ECF No. 204 at 24.) The Proposed SAC alleges that the Tribe's unlawful activities began "on or about 2005," and that such activities

resulted in Plaintiffs losing "the opportunity to sell the Property" in 2006. *Id.*  ¶¶ 13, 15. The Proposed SAC alleges that SDG&E's participation in the unlawful conspiracy began in 2008 when "SDG&E refused to restore power to the Property." *Id.* ¶ 24. The Proposed SAC alleges that the County "purported to recognize the Property as being part of the Rincon Tribal Reservation" prior to November 15, 2007, and subsequently "assisted the [] Tribe in placing cement blocks on Plaintiffs' Property and on adjacent County [p]roperty in 2010, 2019, and 2020." *Id.* ¶ 35; *see id.* ¶ 17 (stating that on November 15, 2007, the Tribe provided Donius with a communication from the County "which falsely stated that … the [ ] Tribe retained regulatory jurisdiction over the activities on [the] Property."). These allegations demonstrate that Plaintiffs were aware of the factual basis for their claims against each of the proposed defendants at the time the original Complaint was filed in this action in 2009.

In addition, RMCA filed an action in state court in 2008 against SDG&E containing the same allegations and causes of action regarding SDG&E's refusal to restore power to the Property.[1] (*See* Attachment A to Smith Decl., ECF No. 205-1 at 6; *see also* ECF No. 211 at 15 (Plaintiffs' contention that the 2008 state court action put SDG&E on notice of their proposed claims).) In that action, SDG&E filed a cross-complaint against the Tribe and the County. (*See* Exhibit B to Cooley Decl., ECF No. 206-1 at 8.) In response, the County explicitly admitted "that the County has no jurisdiction over the [ ] Property." (Exhibit C to Cooley Decl., ECF No. 206-1 at 22.)  That action was dismissed prior to the filing of the original Complaint in this action. (*See* Attachment E to Smith Decl., ECF No. 205-1 at 83.) The existence of the 2008 state court action further shows that Plaintiffs could have brought several of their proposed claims in the original Complaint.

---

[1] The Court takes judicial notice of the court filings submitted by the parties, including filings in the 2008 state court action, *Rincon Mushroom Corp. of Am. v. San Diego Gas & Electric Co.*, No. 37-2008-00101838-CU-BT-NC (San Diego Sup. Ct. 2008). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that courts "may take judicial notice of court filings"). The parties' requests for judicial notice, (*see* ECF Nos. 206-3; 210-2; 211-2; 212-2), are otherwise denied, as judicial notice of the requested documents is unnecessary to this Order.

In sum, the record reflects that Plaintiffs waited more than thirteen years to request the addition of the proposed amendments to the Complaint despite their awareness throughout the litigation of the material facts and theories raised by the amendment. *See Jackson*, 902 F.2d at 1388 (affirming denial of leave to amend based on "inexplicable and unjustified" seven-month delay); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable."). While Plaintiffs also seek to add several factual allegations concerning events that occurred after the original Complaint was filed and while this action was stayed—such as repeated placement of cement blocks on or adjacent to the Property and continued failure to restore power to the Property—these allegations did not preclude the inclusion of the proposed claims in the original Complaint because the additional allegations concern the continuation of the allegedly unlawful pre-Complaint conduct.

Even if the additional post-Complaint factual allegations justified Plaintiffs' failure to include the proposed claims in the Complaint or seek amendment prior to the stay of this action in 2010, Plaintiffs again declined to bring their proposed claims when they filed the FAC in 2020. Plaintiffs' facially improper assertion of the proposed claims in the TPC, more than two months after the filing of the FAC, does not excuse their failure to properly include the claims in the FAC or seek amendment prior to the Courts' adjudication of all existing claims on March 16, 2022. Plaintiffs' previous amendment of their complaint and the late stage of this litigation weigh in favor of a finding of undue delay. *See S.F. Herring Assoc.*, 946 F.3d at 582 (affirming denial of leave to amend because of the "substantial delay involved … and the [party's] previous amendment of its complaint"); *AmerisourceBergen Corp.*, 465 F.3d at 953 (stating that amendment with eight months of discovery remaining would result in unfair delay of collection of judgment). The Court finds that Plaintiffs' undue delay in bringing the proposed claims weighs in favor of denying the Motion for Leave to File Second Amended Complaint.

///

**B. Prejudice**

Plaintiffs' Proposed SAC reflects a wholesale revision of the FAC, including the addition of two defendants. (*See* Redlined Version of Changes to FAC, ECF No. 210-3.)[2] Litigation of these new claims would likely entail substantial additional effort, expense, and delay because all existing claims in this action have been fully adjudicated and are ripe for judgment. These considerations support a finding of prejudice. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *AmerisourceBergen Corp.*, 465 F.3d at 953 (finding prejudice because amendment "would have unfairly imposed potentially high, additional litigation costs … that could have easily been avoided"); *Jackson*, 902 F.2d at 1387-88 (finding prejudice where the proposed amendments "advance different legal theories and require proof of different facts," resulting in additional time and expense).

Further, the proposed defendants present evidence that material evidence and witnesses relevant to events that occurred over a decade ago are no longer available. SDG&E submits the Declaration of Kimberley Donovan, a Project Planning Supervisor employed by SDG&E, that states that the employee who oversaw SDG&E's project at the Property in 2007-2008 is retired, and that "it would not be possible for [Donovan's] department to respond to allegations of alleged wrongdoing since there are no individuals within [Donovan's] department with knowledge of the events related to the [2007-2008] project." (ECF No. 205-2 at 3.) The County submits the Declaration of Brandy Winterbottom, a Deputy Director of Human Resources employed by the County, that states

---

[2] In support of their motion, Plaintiffs initially submitted a redlined version of the TPC. (*See* ECF No. 204 at 96). The local rules require the submission of a redlined version of the operative pleading—in this case, the FAC. *See* CivLR 15.1(b). The proposed defendants contend that Plaintiffs' motion should therefore be denied. However, the Court accepts Plaintiffs' subsequent submission of a proper redlined version of the FAC and denies the proposed defendants' request to deny Plaintiffs' motion for noncompliance with the local rules.

that the two individuals who purportedly communicated with the Tribe regarding regulatory jurisdiction in 2004 and 2007 are no longer employed by the County. (*See* ECF No. 206-2 at 2.) Considering Plaintiffs' extended delay in bringing the claims in the Proposed SAC, the Court credits the uncontroverted evidence that the proposed defendants will be prejudiced by the unavailability of relevant evidence and witnesses. The Court finds that the factor of prejudice weighs in favor of denying the Motion for Leave to File Second Amended Complaint.

## C. Summary

"[B]ad faith or dilatory motive on the part of the movant" and "futility of amendment" are other factors relevant to the determination of whether Plaintiff's motion for leave to amend should be granted. *Foman*, 371 U.S. at 182. However, consideration of these factors is not necessary in this case because denial of leave to amend is amply supported by Plaintiff's substantial undue delay in bringing the claims in the Proposed SAC and the resulting prejudice to the proposed defendants demonstrated by evidence in the record.[3] *See Jackson*, 902 F.2d at 1388 n.4 (stating that the court need not consider the issue of futility because "the lower court correctly denied appellants' motion on the above grounds" of undue delay and prejudice); *AmerisourceBergen Corp.*, 465 F.3d at 952-53 (affirming denial of leave to amend because the proposed amendment "was both untimely

---

[3] The Court notes that in requesting an interlocutory appeal, Plaintiffs previously took the position that the Court's Order granting summary judgment in favor of Defendants and against Plaintiffs necessarily disposed of the claims in the TPC (and now the Proposed SAC) on jurisdictional grounds. (*See* ECF No. 187 at 3-4 ("Alternatively, if the Ninth Circuit affirms the Rule 54(b) judgment, the third-party claims would also be deficient on jurisdictional grounds without the need to brief or address other alleged grounds for their dismissal.").) However, Plaintiffs later disclaimed this position after the proposed defendants asserted it as a basis for the immediate dismissal of the TPC. (*See* ECF No. 195 at 3 ("the Donius Parties regretfully and candidly acknowledge that certain imprecise statements in portions of their motion gave the Tribe and Tribal Officials [ ] the mistaken impression that the third-party claims can also be disposed of [on] the same jurisdictional grounds as the summarily-adjudicated claims and counterclaim.").) While the Court makes no findings regarding bad faith or futility of amendment, Plaintiffs' inconsistent positions regarding the viability of the proposed claims bears on both factors.

and prejudicial"). Plaintiffs' Motion for Leave to File Second Amended Complaint is denied.

## V.   CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 204) is denied.

IT IS FURTHER ORDERED that no later than fourteen (14) days from the date of this Order, Defendants shall e-mail a proposed judgment in accordance with the rulings in this Court's Summary Judgment Order (ECF No. 176) to efile_hayes@casd.uscourts.gov.


Dated:  November 30, 2022

Hon. William Q. Hayes
United States District Court

11